## THE STATE OF KANSAS V. THOMAS J. HOWARD.

1. CRIMINAL LAW; *Self-Defense; Instructions.* Where in an action in which the charge is shooting with intent to kill, the question is one of self-defense, it is error to instruct the jury that if as a matter of fact the defendant was in no imminent danger they must convict.

2. SELF-DEFENSE; *Rule of Law.* The rule is, that if the defendant had reasonable grounds to apprehend that he was in imminent danger, he is justified in defending himself.

*Appeal from Doniphan District Court.*

HOWARD was charged by information with assault with intent to kill one James Collier. Trial and conviction at the March Term, 1874. The instruction complained of is copied in the opinion, *infra. Howard* brings'the case here on appeal.

*W. D. Webb*, and *B. A. Seaver*, for appellant:

We ask the attention of the court to the 5th instruction for the state. We do not think that the law is, that a man cannot be justified in shooting another unless there is reasonable ground to believe there is a design to do great bodily harm, and that such design must be so apparent as to induce a belief of it *in the mind of a jury* sitting in perfect quiet and security, surrounded by the officers of the law, at a far-distant time from the danger, and that such belief must unite with the *fact* that the danger was absolutely imminent. The instruction says, "and if the jury finds that the defendant was in no such imminent danger, they will convict." We claim the rule to be, that if he was in *apparent* danger, he had the right to shoot, and that all that the state can claim is, that the jury may say whether there was *apparent* imminent danger. The *fact* itself of imminent danger is not the question. I may draw a revolver on a man and threaten to shoot him, and while holding it on him, he may shoot me. Now, if the *fact* of imminent danger is the question, if my revolver is not loaded, my enemy who shoots me under such circumstances becomes a murderer, while if it is a question of

*apparent* imminent danger, he would be, as he should be, acquitted.

*D. M. Johnston*, for The State.   (No brief.)

The opinion of the court was delivered by

BREWER, J.: Defendant was convicted in the district court of Doniphan county under an information charging an assault with intent to kill.   There was no dispute but that Howard shot the prosecuting witness, but the claim was, that such shooting was in self-defense.   Upon this question, at the instance of the state, the court gave the following instruction:

"The shooting by the prisoner at Collier would be justified, under our laws, only in case it was committed by the prisoner when there was reasonable ground to apprehend a design to do him great bodily harm, and that there was imminent danger of such design being accomplished; and the jury are the judges, and it is for the jury to say whether there were any reasonable grounds for such apprehension, and whether there was, at the moment that the shot was fired, imminent danger that some great bodily harm would have been done to prisoner; and if the jury find that the defendant was in no such imminent danger they will convict."

In the latter portion of this instruction the court erred. The jury are in substance told, that the question is, as to the actual existence, and not as to the reasonable apprehension of danger — that the reasonable apprehension refers to the design to injure, and not to the imminence of the danger.   Under such an instruction, no matter how threatening the conduct of the party shot, no matter though it be so great as to create in any mind an irresistible conviction of imminent peril, yet unless the imminent peril actually exists, the shooting is not in self-defense.   Thus, if a party approaches with a drawn pistol and threatens to kill on the spot, it is not self-defense to kill such an assailant unless his pistol be in fact loaded, and he thus actually able to carry out his threat.   In other words, if the pistol of the assailant is loaded, it is self-defense; if not, it is murder.   The law is not thus harsh.   All that it exacts is, that there shall be a reasonable apprehension of

imminent danger, and of the reasonableness of this appre-hension the jury are to be the judges. A party assailed is justified in acting upon the facts as they appear to him, and is not judged by the facts as they are. It is not to be won-dered at that this error occurred, for such at first view seems to be the meaning of the statute, the apparent import of the language used. But this language is not new in our statute. It will be found in the statutes of other states, and had re-ceived a settled construction elsewhere before it was introduced here. 2 Wharton's Crim. Law, §§ 1026 and 1027, and notes; *Shorter v. The People*, 2 Comstock, 197. Indeed, when the court gave the instruction asked by defendant, and its atten-tion was probably not drawn to the statute, it stated the law correctly, and in accordance with the well-settled current of late authority. Yet as we cannot say which instruction in-fluenced the jury, and as it may be that the verdict rested on the erroneous one, we are compelled to reverse the judgment, and remand the case for a new trial. *Horne v. The State*, 1 Kas., 73.

All the Justices concurring.