The State v. Scott.

THE STATE OF KANSAS v. CHARLES E. SCOTT.

ASSAULT WITH INTENT TO KILL; *Self-Defense; Threats.* In a criminal prosecution for an alleged assault with intent to kill, where the defendant claims that he acted solely in self-defense and to prevent a felony from being committed upon him, and evidence is introduced tending to show that such were the nature and character of his acts, it is then competent for the defendant, in corroboration of such evidence, to introduce other evidence tending to show that the person on whom the alleged assault is alleged to have been committed, had, some time previously to such alleged assault, assaulted the defendant with a deadly weapon, and had also threatened to kill him, which threats had been communicated to the defendant previously to such alleged assault.

*Appeal from Republic District Court.*

AT the April Term, 1880, of the district court, *Scott* was convicted of an assault with intent to kill. The facts are stated in the opinion. The defendant appeals.

L. J. *Crans,* for appellant.

N. T. *VanNatta,* for the State.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution for an assault with intent to kill. The State of Kansas was the plaintiff, Chas. E. Scott was the defendant, and Herman Richner was the

person alleged to have been assaulted.   The defendant was convicted and sentenced, and he now appeals to this court. That the defendant shot Richner with a gun, loaded with shot, there can be no doubt; but still, the defendant claims that the transaction did not under the circumstances amount to a felonious assault.   Indeed, he claims that it did not amount to any offense at all.   He claims, among other things, that he did the shooting in defense of his own person; and whether the shooting was in self-defense or not, was one of the principal questions in the case.   After the prosecution had introduced its evidence, and rested, the defendant introduced his own wife as a witness in his own behalf, and she testified as follows:

"I was at my home, on what is known as the Hile place, on the 12th of April, 1878, about noon.   I was standing near the window on the west side of the house, near the southwest corner.   I saw a wagon with mules drive past the west side of the house, and Herman Richner was in the wagon.   He stopped, and, rising from the seat, said: 'Scott, I have got my land and all my property back from VanNatta, and if you do not leave here, I will kill you right here.'   Whilst he was saying this he drew a revolver and pointed toward the south side of the house.   I turned from the window, where I was working some butter, and went towards the door, and as I went there I heard the report of a gun, or pistol; I do not know who shot it off.   I did not see a gun in the hands of anyone.   I went out of the house and there were some words passed between myself and Richner.   I did not see that anything ailed him, and he soon drove off."

Witness was then asked by defendant: "Prior to this day, state when, if ever, you saw any attack made by Herman Richner in your own house with a deadly weapon upon your husband, and what threats Richner then made?"   The defendant here offered to prove by the witness that some months prior to the alleged offense, Herman Richner, at the house of the defendant, did make an assault upon the defendant by means of a heavy iron rasp, a deadly weapon, did wound the said defendant over the head, threatening to kill him, and would have done so unless prevented; to which offer the

plaintiff objected that it is irrelevant, and the court sustained the objection; to which ruling of the court the defendant then and there excepted, and still does except. And thereupon the defendant asked the witness: "State whether or not you know the character of Herman Richner for turbulence and violence, and the state of his feelings toward the defendant?" The defendant here offered to prove that the prosecuting witness, Herman Richner, was a turbulent, violent, quarrelsome and dangerous person, who was in the habit of carrying deadly weapons, and was at enmity with the defendant of long standing; had had numerous encounters with the defendant, and made frequent threats which had been communicated to him. To this the plaintiff objected that it is irrelevant, and the court sustained the objection of the plaintiff; to which ruling the defendant then and there excepted, and still does except. It was the defendant who fired the gun which was heard by the defendant's wife, and it is that shooting for which the defendant is now prosecuted, and for which he is now charged with having committed an assault with intent to kill.

We think the court below erred in excluding the said evidence of the defendant's wife. Said evidence (along with the other evidence in the case, and being corroborative of much of such other evidence) was competent, not only as tending to show that Richner was *in fact* about to commit a felony upon the person of the defendant, (*State v. Brown*, 22 Kas. 222,) but also as tending to show that the defendant *believed* that Richner was about to commit such felony. (*State v. Howard*, 14 Kas. 173.) If all the facts which the defendant's evidence tended to prove were true, the defendant undoubtedly had a right to defend himself with a gun, even to the taking of the life of Richner. In many cases, it is not competent for a defendant in a criminal prosecution to show prior transactions or prior troubles, but in this case we think it was. In this case, we think it was competent for the defendant to show the prior assaults and prior threats made by Richner with regard to himself; for such evidence not only tended to show the nature and character of Richner's acts at

Morgan v. Comm'rs of Pratt Co.

the time the alleged assault was committed, but it also tended to show the nature and character of the defendant's opinions, beliefs, and intentions. We think that the said excluded evidence should have been submitted to the jury. It will be noticed that no objection was urged against the form of the questions asked. The only objection made against the evidence was, that it was "irrelevant." We think it was relevant.

We do not think that it is necessary to consider any of the other questions raised by counsel for the defendant.

The judgment of the court below will be reversed, and cause remanded to the court below for a new trial. The defendant will be returned from the penitentiary, and delivered over to the jailer of Republic county, there to abide the order of the district court.

All the Justices concurring.