[No. 10,786.—Department One.]
November 13, 1882.

## THE PEOPLE v. SUMPTER E. DOGGETT.

EVIDENCE OF CHARACTER—MURDER—INSTRUCTIONS.—A defendant charged with crime has the right to have the jury instructed, that in determining whether or not he is guilty beyond a reasonable doubt, his good reputation as to the traits involved in the charge, if proved, should be weighed as any other fact established, and that it may be sufficient to create a reasonable doubt as to his guilt.

APPEAL from a judgment of conviction, and from an order denying a motion for new trial, in the Superior Court of the City and County of San Francisco. FREELON, J.

*Davis Louderback* and *C. H. Parker*, for Appellant.

*A. L. Hart*, Attorney General, for Respondent.

ROSS, J.:

The Court below refused to give the following instruction requested by the defendant:

" The law at the outset clothes the defendant, in a criminal

case involving the charge of murder, with the presumption of innocence; and when the proof tends to overthrow this presumption, and to fix upon such defendant the presumption of such a crime, the latter is permitted to support the original presumption of innocence by proof of good character for peace and quietness; and the good character of the defendant for peace and quietness is itself a fact in the case. It is a circumstance tending in a greater or less degree to establish his innocence. And therefore in the present case, the good character of the defendant, if proved to your satisfaction, is to be considered by you in connection with the other facts and circumstances of this case in determining the guilt or innocence of the defendant." It is conceded by the Attorney General that the instruction so requested correctly states the law, and that unless the general charge of the Court covers the same point, the case must be sent back for a new trial.

The Attorney-General, however, claims, that the effect of the instruction requested and refused, was embodied in the following portion of the Court's charge : " I think I have neglected to charge the jury in regard to character, under the decisions of our Supreme Court. And those decisions are the law of this State, and of this case. Good character, when proved, is a fact to be considered by the jury, just the same as any other fact in the case is to be considered as bearing upon the question of the guilt or innocence of the accused. It has been held before, and is now held in other tribunals, that good character was only applicable in doubtful cases to turn the scale, when the jury was in doubt from the other evidence as to whether a defendant was guilty or not. And our Supreme Court has said, that it goes in with the mass of all the other proof, to be considered by the jury in connection with all the evidence in the case, as a substantive fact bearing, or tending to bear, upon the question of guilt or innocence."

Omitting some comments that might justly be made on this part of the charge, it is safe to say that it would be a favorable construction of it to hold, that by it the Court told the jury that the good character of the defendant, if proved, was a circumstance in the case for their consideration in making up their verdict. But that, as was held in *People* v. *Bell,* 49

Cal. 489, would not be adding anything to the mere fact of letting the testimony in regard to good character in.

The defendant had the right to have the jury instructed, that in determining whether or not he was guilty beyond a reasonable doubt, his good reputation as to traits involved in the charge, if proved, should be weighed as any other fact established, and that it might be sufficient to create a reasonable doubt as to his guilt. (*People* v. *Bell, supra; People* v. *Raina,* 45 Cal. 292; *People* v. *Ashe,* 44 id. 291.)

Judgment and order reversed, and cause remanded for a new trial.

MCKINSTRY, J., and MORRISON, C. J., concurred.