## THE STATE OF KANSAS v. JOHN SCHLEAGEL.

1. ASSAULT *with Intent to Kill — Self-Defense — Evidence.* In a criminal prosecution for assault with the intent to kill, where the defendant interposes the defense of self-defense, and introduces evidence upon that subject sufficient to go to the jury, and the defendant also offers to introduce evidence of another difficulty occurring a short time previously between the same parties, leading to the last difficulty, in which previous difficulty it is claimed that the alleged assaulted party was also the aggressor, and the court excludes the evidence, *held*, error.

2. EVIDENCE *as to Character.* It is also error, in such a case, for the court to exclude evidence offered by the defendant tending to prove what his general reputation was as being a peaceable, law-abiding citizen in the community where he lives.

3. INSTRUCTIONS — "*Felonious Assault.*" It is also error for the court, in such a case, to instruct the jury that they may find the defendant guilty of a "felonious assault," and to permit the jury to so find without confining the verdict to any particular "felonious assault," or defining what is meant; and this is especially true where it is shown by the record that the jury refused to find the defendant "guilty of assault with intent to kill, as charged in the information."

*Appeal from Rush District Court.*

THE facts sufficiently appear in the opinion, filed January 7, 1893.

*Lewis & Fierce, S. I. Hale, Andrews & Anderson,* and *J. W. McCormick,* for appellant:

The court should have permitted defendant, when testifying as a witness in his own behalf, to testify that in a difficulty between these same parties, on the 26th day of November, Henry Scheurman, the injured party in this trouble, had used a weapon on defendant. The sole defense of the defendant is self-defense, and, when he used his knife on Scheurman, he did so believing it was necessary to prevent Scheurman from killing him with a like weapon, which he believed Scheurman was about to get from his pocket. The case of *The State v. Scott,* 24 Kas. 68, is in point as authority in support of this position.

The court erred also, in not permitting the witness John Henry Schleagel to testify to the general reputation of defendant in the neighborhood where he resided, as to his being a peaceable and law-abiding citizen. Such testimony is always competent in a criminal case like this one.

The court erred in giving certain instructions. The information charges the offense of assault with intent to kill, which may properly be termed a felonious assault. In fact, any assault made with intent to commit a felony is a felonious assault. But our legislature has not defined "felonious assault," nor has it enacted that, if anyone shall do or perform certain specified acts, he shall be deemed guilty of a "felonious assault." Had it done so, and such acts were necessarily included in the charge of assault with a deadly weapon, with intent to kill, then it would be proper for a court to charge, in a prosecution under an information like the one in this case, that if the jury failed to find the defendant guilty of assault with intent to kill, as charged, then in that event he might be convicted of a "felonious assault;"

but where the legislature has not defined the term, nor speci-
fied the acts which constitute the offense, and the court charges
the jury, as it did in this case with reference to a "felonious
assault," in the instructions complained of, such instructions
are erroneous, indefinite, uncertain, and misleading.

*T. F. Mulroy,* county attorney, and *G. P. Cline,* for The
State:

If the facts in this case were the same as in the case of *The
State v. Scott,* 24 Kas. 68, it would be directly in point.

It is contended, on behalf of the appellant, that the court
erred in not permitting the witness John Henry Schleagel to
testify as to the general reputation of defendant in the neigh-
borhood where he resided, as to his being a peaceable and
law-abiding citizen. In some cases and under some circum-
stances this might have been material error; but, under the
circumstances of this case, the error, if any, was harmless,
and therefore no complaint can be made. *Pate v. Fitzhugh,*
46 Kas. 129 ; *Parker v. Richolson,* 46 id. 283.

There are several kinds of assaults, to wit: Assault with
intent to kill, assault with intent to do great bodily harm,
the simple assault, and various other kinds, each having its
own peculiarities. 4 Bl. Com. 205; 2 Bish. Cr. L. (4th ed.),
§ 969; Crimes Act, §§ 37, 38, 43. The information is broad
enough to include any of the assaults aforesaid.

Under the charge set forth in the information, the defend-
ant could have been found guilty of assault with intent to
kill, or of any other assault or offense of that nature. It
would have been more formal to have specified the particular
kind of assault, but in a case like this the substance is not to
be destroyed by the form. Crim. Code, § 293.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution in the
district court of Rush county, upon an information in which

the defendant, John Schleagel, was charged with committing an offense as follows:

"One John Schleagel did then and there unlawfully, feloniously make an assault with a deadly weapon, to wit, a knife, which said knife, he, said John Schleagel, then and there held in his hand, in and upon Henry Scheurman, unlawfully, feloniously, and willfully, and, with malice aforethought, did stab and wound him, said Henry Scheurman, with the intent then and there the said Henry Scheurman to kill and murder."

The case was tried before the court and a jury, and the jury rendered the following verdict, to wit:

"We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find the defendant, John Schleagel, guilty of felonious assault."

Upon this verdict, the court below rendered a judgment sentencing the defendant to be imprisoned in the penitentiary at hard labor for the term of one year; and the defendant appeals to this court. The defendant claims that the court below erred in impaneling the jury; in refusing to permit certain evidence to be introduced on the trial; in instructing the jury; in refusing to grant a new trial, and in sentencing the defendant upon the verdict of the jury. Passing over the first alleged error, we shall first consider the alleged error, or rather errors, of the court in refusing to permit the defendant to introduce certain evidence. The evidence introduced was to some extent conflicting, but there was evidence introduced tending to show, among others, the following facts: A difficulty arose, and a fight occurred between the defendant, John Schleagel, and another person by the name of Henry Scheurman, in a certain storeroom in the town of Otis, in Rush county. Scheurman was the larger and the stronger man of the two. They were separated by friends, and Schleagel left the storeroom, went outside, and onto the porch. Scheurman followed him, struck him in the face, and knocked him down. Schleagel then, and for the first time, drew from his pocket his pocketknife, and for the first time during the trouble used it, and struck Scheurman with it. The evidence for the defend-

ant tended to show that Scheurman was all the time the aggressor; but the evidence for the state tended to show otherwise, and that Schleagel assaulted Scheurman with the knife inside of the storeroom as well as outside.    The defendant claimed that he was acting solely in self-defense at all times during the trouble; and there was evidence enough upon this subject, whether true or not, to go to the jury.    Upon this theory of self-defense, Schleagel offered to introduce testimony regarding a similar difficulty which had occurred between himself and Scheurman a short time previously and leading to this last difficulty, in which previous difficulty Schleagel claimed that Scheurman was also the aggressor; but the court excluded the evidence, and the defendant excepted.    We think this was error.    (*The State v. Scott*, 24 Kas. 68.)

The defendant also offered to prove by another witness what the general reputation of the defendant, John Schleagel, was as to his being a peaceable, law-abiding citizen in the community where he lived.    Scheurman also lived in that vicinity. This evidence was excluded by the court, and the defendant excepted.    We also think that this was error.    (See *The State v. Douglass*, 44 Kas. 618, 627; *Kistler v. The State*, 54 Ind. 401; *The People v. Doggett*, 62 Cal. 27.)

The court also instructed the jury, among other things, as follows:

"No. 4.    You are further instructed, that under the laws of this state that every person who shall assault, with intent to commit manslaughter or other felony, not under circumstances as would constitute an assault with a deadly weapon, as described in the preceding instruction, shall be guilty of a felonious assault."

This instruction we think is erroneous.    There is no single or general offense under the statutes named "felonious assault;" nor are the words "felonious assault" described or defined or even mentioned by any statute.    There are, in fact, however, many offenses which might come under the general name of "felonious assault," as an assault with the intent to commit

rape, robbery, burglary, manslaughter, murder, or any other felony. The court also instructed the jury as follows:

"No. 8. If you shall not believe from the evidence beyond a reasonable doubt that the defendant is guilty of an assault with a deadly weapon with intent to kill, as explained in the preceding instruction, then you cannot find him guilty of an assault with a deadly weapon with intent to kill; but if you shall believe from the evidence beyond a reasonable doubt that the defendant, at the time and place charged in the information, committed a felonious assault upon the person of Henry Scheurman, as explained in instruction number 4, then you shall find the defendant guilty of a felonious assault; but if you shall not believe from the evidence beyond a reasonable doubt that he is guilty of an assault with a deadly weapon with intent to kill, nor of a felonious assault, as explained in the preceding instruction, but that he is guilty of an assault and battery, as explained in instruction number 5, then you shall find him guilty of assault and battery."

The court also instructed the jury with regard to finding ing the defendant not guilty. Also, before the jury retired for deliberation, the court gave them four separate copies of verdicts, which read as follows:

"We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find defendant, John Schleagel, guilty of assault with intent to kill, as charged in the information."

"We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find defendant, John Schleagel, guilty of felonious assault."

"We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find defendant, John Schleagel, guilty of assault and battery."

"We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find defendant, John Schleagel, not guilty."

Now the jury did not find that the defendant was guilty of assault with intent to kill, nor assault and battery. Then what did the jury find the defendant guilty of? What was the "felonious assault" of which the jury found the defendant guilty?

We think the court below also erred in not requiring the

jury to render a more definite and intelligible verdict; and, considering all these errors together, we think the court below also erred in refusing to grant to the defendant a new trial; and for these errors the judgment of the court below must be reversed, and the cause remanded for a new trial.

All the Justices concurring.