Argued October 29, affirmed December 8, 1914.

# STATE *v.* SELBY.*

(144 Pac. 657.)

**Criminal Law—Character—Evidence—Admissibility.**

1. Until the defendant offers evidence as to his character, the state cannot submit any evidence on that point.

**Criminal Law—Evidence of Good Character—Rebuttal.**

2. Where accused, who was charged with an assault with a dangerous weapon, introduced evidence that his general reputation for peace and quietude in the community in which he resided was good, the state may in rebuttal show that accused's general reputation was not that of a peaceable, law-abiding citizen, for no assault is lawful.

   [As to evidence of good character for the purpose of creating a doubt of defendant's guilt, see note in 103 Am. St. Rep. 888.]

**Assault and Battery—Instruction—Definition of "Assault."**

3. An assault is an intentional attempt by one person by force or violence to do injury to the person of another, coupled with present ability; hence a charge defining an assault is not bad because not charging that it must be unlawful, for every assault has in it elements of unlawfulness.

**Assault and Battery—Defense—Right of.**

4. Everyone has the right to protect his life or person from great bodily harm, and may meet force with force in order to repel an attack, using such force as seems necessary even to the extent of killing his assailant.

**Criminal Law—Instructions—Abstract Instructions.**

5. Unless actually misleading, an abstract instruction correctly declaring the law is no ground for reversal.

**Criminal Law—Appeal—Harmless Error.**

6. In a prosecution for assault with a dangerous weapon, where accused asserted that he acted in self-defense, the giving of a correct instruction on the right of self-defense, which was abstract so far as it charged on the right of a person to take the life of his assailant, is harmless.

**Assault and Battery—Prosecution—Intent.**

7. Under Section 799, subsection 2, L. O. L., declaring that it is presumed that an unlawful act is done with an unlawful intent, it is not necessary, in a prosecution for assault with a dangerous weapon, for the state to prove an unlawful intent.

   *As to the admissibility of evidence as to the character of persons accused of crime, see note in 14 L. R. A. (N. S.) 735. See, also, note in 41 L. Ed. (U. S.) 467.

   On the question of rebutting evidence of defendant's good character, see note in 20 L. R. A. 616.        REPORTER.

Criminal Law—Evidence of Good Character—Weight and Sufficiency.

8.   In a prosecution for assault with a dangerous weapon, evidence of accused's good reputation as a peaceable, law-abiding citizen should be considered only on the question of the improbability of his committing the assault, just as evidence of accused's bad reputation as a peaceable and quiet citizen will not support a conviction unless his guilt be shown beyond a reasonable doubt.

Criminal Law—Trial—Instructions—Refusal.

9.   The refusal of requested charges covered by those given is not error.

Criminal—Law—Appeal—Harmless Error.

10.   Under the direct provisions of Section 1626, L. O. L., a conviction cannot be reversed for technical or nonprejudicial errors.

From Wallowa: JAMES W. HAMILTON, Judge.

The defendant, Labin J. Selby, was convicted of assault with a dangerous weapon, and he appeals. The facts are fully set forth in the opinion of the court.                              AFFIRMED.

For appellant there was a brief over the name of *Messrs. Sheahan & Cooley,* with an oral argument by *Mr. A. S. Cooley.*

For the State there was a brief over the names of *Mr. O. M. Corkins,* District Attorney, and *Mr. Wallace G. Trill,* with an oral argument by *Mr. Corkins.*

In Banc.   MR. JUSTICE RAMSEY delivered the opinion of the court.

The defendant is accused by the indictment of the crime of assault with a dangerous weapon upon Mortimer Collins, committed by beating him with a gun, etc., on the 13th day of August, 1913, in Wallowa County.   He pleaded not guilty, and was tried on the 13th day of May, 1914, and the jury found him guilty as charged in the indictment.   On May 18, 1914, he was sentenced by the court to imprisonment in the

county jail for the term of one year, etc. The defendant appeals.

1, 2. The defendant, on his trial, produced witnesses in his behalf who gave evidence tending to prove that his general reputation for peace and quietness in the community in which he resides is good. The state called Mrs. Hall as a witness, and after she had been sworn, the district attorney asked her *inter alia,* the following question:

"Are you acquainted with his (the defendant's) general reputation in the community in which he resides as to being a peaceable, law-abiding citizen? Answer, Yes or No."

Counsel for the defendant objected to this question "for the reason it is not properly formed. It should be as to peace and quiet. This question is too general." The court overruled the objection, and the defendant excepted to said ruling. The witness answered that she knew what his general reputation was, and that it was bad. The above ruling is assigned as error. A considerable number of cases hold that, when a defendant in a criminal action elects to put his general reputation in evidence, the testimony upon that point must be limited to the particular trait of character that is involved in the charge contained in the indictment: *People* v. *Fair,* 43 Cal. 137, 147; *State* v. *Surry,* 23 Wash. 655 (63 Pac 557, 560); *State* v. *Bloom,* 68 Ind. 54 (34 Am. Rep. 247, 248); *Kahlenbeck* v. *State,* 119 Ind. 118 (24 N. E. 460, 461); 1 Wharton's Criminal Evidence (10 ed.), p. 1007. But there are other authorities that do not assent to said proposition, and Mr. Bishop appears to repudiate it. In Section 1113, Volume 2 (2 ed.), of his New Criminal Procedure, he says:

"The particular trait of character, which the indictment impugns, probably, by all opinions, may be given in evidence in the defendant's favor. And it is widely deemed that the inquiry should be limited to such trait; it being said to be 'obviously irrelevant and absurd, on a charge of stealing, to inquire into the prisoner's loyalty; or, on a trial for treason, to inquire into his character for honesty in his private dealings.' But this reasoning ignores the point of the argument in issue; no one contends for the absurdity it states; the proposition on the other side is that *general good character* may always be shown in defense, not that particular irrelevant trait may be. Plainly the trait should not be wholly disregarded, yet it is believed that the better doctrine gives this evidence the *wider range*. Goodness and wickedness do not flow altogether in channels, and a man of good character in general is less likely to commit a particular wrong than one of bad character in general."

The appellant contends that the question set out *supra* was improper, because it asked for evidence as to the defendant's general reputation as "*a law-abiding citizen,*" etc.

16 Cyc., page 1271, says:

"That a person is *law-abiding* is admissible in case of assault, carrying concealed weapons, homicide, or rape; but the trait is not material on a charge of illegally selling liquor."

The sixth volume of the Encyclopedia of Evidence, pages 656, 657, says:

"The accused may always offer direct evidence *of his general reputation for being a peaceable and law-abiding person*, even when the homicide was committed by means of poison, or when he has admitted that he did the killing, and pleads insanity."

In Volume 4 of Chamberlayne, Modern Evidence, Section 3291, the author says:

"The defendant's good character *as a peaceable, law-abiding citizen* is admissible in his favor in prosecution for assault with intent to kill, but not his good character for industry or truth and veracity, as such evidence has no probative force."

In *Lann* v. *State,* 25 Tex. App. 495, 497 (8 S. W. 650, 651; 8 Am. St. Rep. 445), the defendant had been convicted of unlawfully carrying a pistol, and on appeal the court says:

"As bearing upon this issue the defendant proposed to prove that his general character *for being a peaceable, law-abiding man* in that community was good. This proposed testimony was rejected, and he excepted, and in this ruling of the court we think there was material error."

In the case of the *State* v. *Schleagel,* 50 Kan. 325, 329 (31 Pac. 1105, 1106), the defendant was convicted of felonious assault, and on appeal the court says:

"The defendant, also, offered to prove by another witness what the general reputation of the defendant, John Schleagel, was *as to his being a peaceable, law-abiding citizen* in the community where he lived. * * This evidence was excluded by the court, and the defendant excepted.   We also think that this was error."

Unless the defendant offers evidence as to his character, the state is not permitted to submit any testimony on that point.   The defendant having offered evidence as to his character, it was competent for the state to produce testimony relating thereto.   The citations set out *supra* hold that in criminal cases for homicide, felonious assault, carrying concealed weapons and rape, it is competent to show what the defendant's general reputation was in the community in which he resided at the date of the supposed offense *as to being a peaceable, law-abiding person.*

From the day that Cain slew his brother to the present time, every person who has committed murder or has assaulted and beaten his fellow man, without justification or legal excuse, has been guilty of an act *of lawlessness.* A law-abiding man does not commit acts of lawlessness, and a person whose general reputation as a law-abiding citizen is good is not as likely to commit an act of violence as one whose reputation in that respect is bad.

To sustain his contention that the said ruling of the trial court was erroneous, the appellant cites the case of *United States* v. *Chung Sing,* 4 Ariz. 217 (36 Pac. 205, 206). In that case the defendant had been indicted *for unlawfully selling whisky to Indians.* The defendant called a witness, who testified that she knew the reputation (not the *general* reputation) of the defendant in the community in which he lived, and she was then asked the following question: "What is that reputation as to his being *a law-abiding citizen?*" The trial court sustained an objection to said question, and ruled it out. In passing on that question on appeal, Mr. Justice ROUSE says, *inter alia:*

"The character that may be introduced in evidence is the *general* reputation of the accused, and the questions must be framed so as to secure answers as to the *general* reputation of the accused in the trait involved in the charge. The questions propounded to the witness not having been put in form to secure answers as to the defendant's general reputation in the trait involved in the charge against him, the court properly sustained the objection thereto."

In that case Mr. Justice HAWKINS concurred in the result, but he did not assent to the reasons given by Mr. Justice ROUSE, and, in his concurring opinion he said *inter alia:*

. . .

"I, however, do not agree with the expression in the opinion that 'in order that it [evidence of good character] may be admissible, it must be character in the trait involved in the charge.' It should not be limited to such trait. It is a character of evidence of which any man charged with crime has a right to avail himself. * * Evidence of a previous good character is relevant in all criminal cases to the question of guilty or not guilty, and is to be considered by the jury with the other facts in the case."

As the question in that case was held bad in part, because it called for the reputation and not the *general* reputation of the defendant, and one of three justices dissented on the point that evidence as to character should be limited to the trait involved in the charge, we think that that case should not be given great weight in this case. Furthermore, that was a case for selling intoxicating liquors to Indians, while this is a case for assault with a dangerous weapon. The Arizona case did not involve *violence,* while this case does. We hold that in a criminal action for assault with a dangerous weapon, it is competent for the state to prove that the general reputation of the defendant as a peaceable, law-abiding citizen is bad, where the defendant has offered character evidence in his own behalf. Where such evidence is given, the defendant has a right to show, by cross-examination, upon what the evidence of the witness is based. We find that the court did not err in admitting said evidence.

3. The appellant contends, also, that the trial court erred in giving to the jury the following charge:

"An assault, I instruct you, is an intentional attempt to do violence to the person of another, coupled with present ability to carry that intention into effect."

On page 120, Volume 3, of his Commentaries, Blackstone defines assault as ''an attempt or offer to beat another.''

In 1 Hawkins' P. C., Section 1, Chapter 15, assault is defined thus:

''Assault is an attempt or offer, with force and violence to do a corporal hurt to another.''

In Volume 1 of Bacon's Abridgment, page 371, it is said:

''An assault is an attempt or offer, with force and violence, to do a corporal hurt to another.''

In 2 Wharton's Criminal Law (13 ed.), Section 797, the author says:

''An assault is an apparent attempt by violence to do corporal hurt to another.''

In Russell, Crimes, 1019, the author says:

''An assault is an attempt with force and violence, to do a corporal hurt to another.''

In Clark & Marshall, Crimes (2 ed.), Section 197, the authors say:

''An assault is an attempt or offer with unlawful force or violence, to do a corporal hurt to another.''

3 Cyc., page 1020, defines assault thus:

''An assault is an attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote, at the time, an intention to do it; coupled with a present ability to carry such intention into effect.''

In *State* v. *Godfrey,* 17 Or. 300, 305 (20 Pac. 625, 628, 11 Am. St. Rep. 830), Mr. Justice STRAHAN, after examining the authorities, says:

73 Or.—25

"I think these authorities clearly show that to constitute an assault there must be an intentional attempt to do injury to the person of another by violence, and that such attempt must be coupled with a present ability to do the injury attempted."

In 2 R. C. L., page 525, we find the following definitions:

"An assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present. It is frequently defined as an intentional attempt, by violence, to do an injury to the person of another. Again an assault has been defined as any attempt to commit a battery, or any threatening gesture showing in itself, or by words accompanying it, an immediate intention, coupled with a present ability, to commit a battery."

We have set out *supra* definitions of assault from various eminent authors, including Blackstone, Bacon, Hawkins, Russell, Wharton, Clark, Marshall and others. Only two of the definitions include the word "unlawful" as a modifier of the offer or attempt necessary to constitute an assault. We conclude that it is not necessary to use said word in defining that offense. An assault is an intentional attempt by one person by force or violence, to do an injury to the person of another, coupled with a present ability to carry that intention into effect. There are other sufficient definitions of this crime. We find that the trial court did not err in giving said charge.

4–6. The appellant assigns the giving of the following instructions as error:

"In this case the defendant seeks to justify his acts in the affray under consideration by the plea that he acted in necessary self-defense. I instruct you that a person has a right to protect his life or his person from great bodily harm, and that he has a right to

meet force with force in order to repel an attack upon him, and to use such force as appears reasonably necessary to protect his life or his person from bodily harm, and he may even go to the extent in repelling an attack upon him of using a dangerous weapon, and to the extent of taking his assailant's life, if the same is necessary, or apparently necessary, to save his own life, or his person from great bodily harm. The danger to himself in fact need not be real, but only apparent, if the assailed at the time honestly believed and had reason to believe that his life was in danger, or that he was in danger of bodily harm.

"I instruct you that if, after a consideration of the evidence and the instructions of the court, you believe beyond a reasonable doubt that the defendant committed the acts charged in the indictment, no specific intent need be proved other than such as may be embraced in the act of making an assault with a dangerous weapon.

"There has been testimony offered in this case upon the question of the reputation of the defendant as a quiet, peaceable and law-abiding citizen. The defendant has a right to show his previous good character as a circumstance tending to show the improbability of his guilt, or that he would commit such a crime. If, however, you believe from all of the evidence beyond a reasonable doubt that the defendant committed the crime in question as charged in the indictment, then it would be your duty to find the defendant guilty; even though the evidence satisfied your minds that the defendant previous to the crime in question had borne a good reputation as a quiet, peaceable and law-abiding citizen; also even though you should find from the evidence that the defendant's reputation as a quiet, peaceable and law-abiding citizen is bad, you should not find him guilty unless you are satisfied of his guilt from the evidence before you beyond a reasonable doubt."

In the first instruction set out in this paragraph the court charged the jury as to the right of a party to

defend himself when attacked, and, in doing so, it is stated that a person may, when necessary, even take the life of his assailant. The appellant claims that the court erred in making that statement for the reason that the defendant did not kill the person whom he is accused of assaulting, etc. He contends that said charge was not based on the facts of the case, and that it is therefore erroneous. In this charge, the court states correctly the right of a person to defend himself when assaulted by another. The defendant in this case contends that the person whom he is accused of assaulting, assaulted him, and that all that he did to that person was done in repelling the assault which that person made upon him, etc. As we understand the matter, counsel for the defendant does not claim that said charge does not state the law of self-defense correctly. His contention is that it is erroneous, because it does not apply to the facts of the case, and that there is nothing in this case to require or authorize an instruction as to the conditions under which a person is justified or excused for killing his assailant in self-defense. The jury was instructed in said charge that a person assaulted has a right to meet force with force in order to repel an attack upon him, and to use such force as appears reasonably necessary to protect his life or person from bodily harm. This stated the law correctly as to defendant's right of self-defense.

38 Cyc., pages 1621, 1622, says:

"But an instruction stating a correct proposition of law is not necessarily misleading, or prejudicial, merely because it is inapplicable to the facts in evidence, and where it is not so, there is no ground for reversal."

In 1 Blashfield, Instructions to Juries, Section 91, the author says, *inter alia:*

"The giving of instructions which consist in mere abstract and general propositions of law which could not arise upon the testimony will not, in general, be ground for reversal, *unless it satisfactorily appears that the jury was misled, to the prejudice of the party complaining.* * * So, where an instruction is based on a state of facts not in evidence, but favorable to the appellant, he has no right to complain of the giving of such instruction. * * So an instruction which is outside of the issues raised by the pleadings will not be a ground for reversal, if it is favorable to the party complaining."

The defendant could not have been injured by the giving of the portion of said charge to which he objects. Courts should confine their charges to the facts of the case; but an abstract charge that states the law correctly cannot be the basis for a reversal of the judgment appealed from, unless it appears to the appellate court that it did mislead, or may have misled, the jury to the prejudice of the appellant. We are satisfied that the portion of the charge criticised by the appellant did not mislead the jury.

7. The instruction in relation to the intent is correct. The charge in this case was for assault with a dangerous weapon. The indictment did not allege any intent on the part of the defendant, and it was not necessary to prove any specific intent. It is presumed that an unlawful act was done with an unlawful intent: Section 799, subd. 2, L. O. L. A specific intent is not necessary to constitute the crime of assault with a dangerous weapon, and hence it is not necessary either to allege or prove a specific intent.

12 Cyc., page 152, says:

"There are certain crimes of which a specific intent to accomplish a particular purpose is an essential element, and for which there can be no conviction upon proof of mere general malice or criminal intent. In *these* cases, it is necessary for the state, to prove the specific intent by either direct or circumstantial evidence. * * The general rule is that if it is proved that the accused committed the unlawful act charged, it will be presumed that the act was done with a criminal intention, and it is for the accused to rebut this presumption."

8. The charge that the court gave as to the proof of the intent is correct. The charge given as to evidence of character and the effect thereof set out *supra* is correct. The admissibility of such evidence is shown *supra.*

9. The defendant assigns as error the refusal of the trial court to give certain charges requested by him. We have examined the instructions that were given. They are lengthy, and properly cover every issue in the case. We find that they were fair to the defendant. When the trial court covers properly every issue in the case with the instructions that are given, it is not error to refuse to give additional charges requested by the parties, although they state the law correctly. The trial judge has a right to charge the jury in his own language, and, if he instructs properly on every issue, he need not give charges requested by the parties. There was no error in refusing to give said requested charges. We think that the defendant had a fair and impartial trial, and we find no reversible error.

10. Section 1626, L. O. L., governs decisions on appeals in criminal cases. It is as follows:

"After hearing the appeal the court must give judgment, without regard to the decision of questions which

were in the discretion of the court below, *or technical errors, defects or exceptions which do not affect the substantial rights of the parties."*

It will be observed from an examination of said section, that this court cannot reverse a criminal case for errors, defects or exceptions that do not affect the substantial rights of the appellant.

The judgment of the court below is affirmed.

AFFIRMED.