Argued February 5, reversed April 15, petition for
rehearing denied May 20, 1959

# MERRILL *v.* GLADDEN

337 P. 2d 774

*Peter S. Herman,* Salem, Assistant Attorney General, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Salem, Attorney General of Oregon.

*Merlin Estep,* Salem, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and PERRY, SLOAN and O'CONNELL, Justices.

PERRY, J.

This is an appeal from a decree of the trial court in a habeas corpus proceeding whereby the plaintiff Robert Benjamin Merrill was ordered released from the custody of the warden of the state penitentiary.

The plaintiff was convicted of the crime of assault with intent to rob as defined in § 23-427, OCLA, now ORS 163.270, and sentenced to serve a term of 20 years in the state penitentiary.

The basis of plaintiff's right to be released under the writ is grounded in his contention that the authorized penalty of 20 years for an assault with intent to rob, as defined by § 23-427, OCLA, is greater than the maximum provided for the completed crime of robbery (15 years), as defined by § 23-429, OCLA, and is, therefore, repugnant to the equal protection clause of the Fourteenth Amendment of the Constitution of the United States and also Article I, Section 16 of the Constitution of the State of Oregon, which declares: "Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."

If the plaintiff's position is to be sustained as

violating this provision of our Constitution, then the crime of assault with intent to rob must be found to be a lesser and included offense of the crime of robbery and disproportionate to the penalty provided for the consummated crime. *Cannon v. Gladden,* 203 Or 629, 281 P2d 233.

Section 23-427, OCLA, supra, under which plaintiff was convicted and punished is as follows:

"If any person shall assault another with intent to kill, or rob, or to commit rape upon such other, or to commit any of the crimes specified in section 23-422, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary during the life of such person or for a period of not less than one nor more than twenty years."

While the offense charged and of which the plaintiff was convicted consists of two elements, (1) assault, and (2) an intent to commit the crime of robbery, *State v. Olsen,* 138 Or 666, 7 P2d 792, *State of Oregon v. McLennen,* 16 Or 59, 16 P 879, it is clear from the context of the statute that the intent to commit the particular crime designated therein is used to distinguish this assault from other criminal assaults defined in other statutes and to classify a crime deserving greater punishment than a mere assault.

"* * * An assault is an intentional attempt by one person by force or violence to do an injury to the person of another, coupled with present ability to carry the intention into effect." *Smallman v. Gladden,* 206 Or 262, 291 P2d 749; *State v. Carroll,* 155 Or 85, 62 P2d 830; *State v. Selby,* 73 Or. 378, 144 P 657.

The crime of robbery as then defined in our statutes, whether armed with a dangerous weapon (§ 23-428, OCLA) or without (§ 23-429, OCLA), can only be

consummated through an assault. In fact, an essential element of robbery is an assault, 46 Am Jur 145, Robbery § 14; so an assault would be a necessary element even of an attempted robbery.

At common law, the crime of robbery was defined as the felonious taking of money or goods of value from the person of another against the victim's will by force or putting him in fear. 46 Am Jur 139, Robbery § 2.

It will be noted, therefore, that the amount of force to put the victim in fear is not a necessary ingredient to the commission of the crime. Any force or display of force sufficient to accomplish the larceny is all that is required.

With the codification of the common-law crimes it became the practice in many states to divide the crime into "degrees or grades, with different punishments, according to the means by which, or the circumstances under which, the offense is committed." 2 Wharton's Criminal Law 245, Robbery § 546.

■ This is what occurred in this state and § 23-428, OCLA, supra, is but a higher degree or grade of the crime denounced in § 23-429, OCLA, supra. Therefore, we are of the opinion the crime of assault with an intent to commit robbery must be a lesser included offense of the crime of robbery, and, since our constitution provides that "all penalties must be proportioned to the offense," we conclude that the penalty assessable for the crime of assault with intent to rob cannot be greater than that provided for the accomplished robbery.

The defendant contends that since the crime of robbery may be accomplished by an assault either with or without a dangerous weapon, and since the statute

under which the plaintiff was convicted is silent as to the manner of the assault, it follows that if the assault was committed with a dangerous weapon then the penalty provided for assault and robbery with a dangerous weapon would apply and since this penalty can include upward to a life sentence the sentence of 20 years imposed on the petitioner is not disproportionate to the penalty provided for the greater crime.

The crime of robbery may be committed either armed with a dangerous weapon, § 23-428, OCLA,[1] or unarmed, § 23-429, OCLA.[2]

■ No citation of authority is necessary to the effect that the legislature has full authority to provide a greater penalty for a crime committed in an aggravated manner than one that is not.

■ The rule of the common law that penal statutes are to be strictly construed has been abrogated by statute. Criminal statutes are now to be construed according to their fair import to effect their object and promote justice. ORS 161.050.

■ In construing these statutes (§§ 23-427, 23-428, 23-429, OCLA) in pari materia, we are of the opinion that since § 23-427, OCLA, provides the identical penalty for its violation as § 23-428, OCLA, (see § 26-1215, OCLA, now ORS 137.120) and also fails to either en-

---

[1] Section 23-428, OCLA. "If any person being armed with a dangerous weapon shall assault another with intent, if resisted, to kill or wound the person assaulted, and shall rob, steal, or take from the person assaulted any money or other property, which may be the subject of larceny, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary for a period of not less than ten years or during the natural life of such person so convicted; provided, however, that the minimum punishment herein provided shall be exercised only in these cases where in the judgment of the court leniency should be shown."

[2] Section 23-429, OCLA. "If any person, not being armed with a dangerous weapon, shall by force and violence, or by assault, or by putting in fear of force and violence or assault, rob, steal, or take from the person of another any money or other property which may be the subject of larceny, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than three nor more than fifteen years."

large or restrict the manner of the assault or robbery, it was the legislative intent to include the penalty for the higher as well as the lesser degree of robbery in the assault with intent statute.

While we are of the opinion that the term "assault" as used in the attempt statute was intended by the legislature to include every manner of assault, both with and without dangerous weapons, the question posed is whether the penalty provided for armed robbery or unarmed robbery should govern when applying the constitutional limitation "that all penalties shall be proportioned to the offense."

The plaintiff contends that even if the penalty for the highest degree of robbery may be a measuring stick to be considered in adjudicating the penalty as being proportionate to the offense committed, the indictment in this case was insufficient to grant the trial court jurisdiction to use that guide in imposing the sentence of 20 years upon him.

Plaintiff's contention is based upon the fact that the indictment describes only the nature of the assault and not the fact that the plaintiff in attempting the robbery had a mental attitude reflecting an intent to kill or wound his victim if resisted.

On the other hand, the defendant contends this indictment is sufficient because it alleges an attack with a dangerous weapon, and since § 23-429, OCLA, speaks of robbery committed while "not being armed with a dangerous weapon," plaintiff could not be found guilty of robbery under § 23-429, OCLA.

The difficulty with defendant's approach is at once apparent. If the robbery is committed while being armed with a dangerous weapon without an intent, if resisted, to kill or wound the person assaulted, there

would be no penalty for this crime of robbery, although in fact a robbery had been committed.

We do not believe the legislature intended to leave such a hiatus in the law. Common sense dictates that if the higher degree of robbery is not established, then, if in fact a robbery has been committed, the offense is punishable as a lesser degree of the crime.

The plaintiff was charged in the indictment as follows:

"The said Robert Benjamin Merrill on the 25th day of July A.D. 1945, in the said County of Jackson and State of Oregon, then and there being, and then and there being armed with a dangerous weapon, to-wit, a beer bottle, did then and there unlawfully and feloniously assault one Dave Hicken, by striking him with said beer bottle, with intent then and there on the part of him, the said Robert Benjamin Merrill, to then and there unlawfully, feloniously, forcibly and violently take, steal and carry away the money, goods and chattles from the person of the said Dave Hicken, and against his will, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

■ An indictment, in addition to naming the party charged, must be certain as to the crime charged, and the particular circumstances of the crime when they are necessary to constitute a complete crime. § 26-706, OCLA, now ORS 132.530.

As regards this case, the indictment is sufficient if "the act or omission charged as the crime is clearly and distinctly set forth, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended," § 26-714 (6), OCLA, and "That the act or omission charged as the crime is stated with such a

degree of certainty as to enable the court to pronounce judgment, upon a conviction, according to the right of the case," § 26-714 (7), OCLA.

No difficulty arises in determining that the crime of assault with intent to rob is sufficiently charged. The difficulty arises as to whether the degree of the crime of robbery is set forth with sufficient certainty to "enable the court to pronounce judgment * * * according to the right of the case."

While the crime of assault with intent to commit robbery is not itself divided into degrees of the same offense, the manner of the intent involved while armed with a dangerous weapon constitutes an aggravation of the crime which will, as we have previously pointed out, justify a higher penalty.

■ It is the general rule, and we believe the better rule, that where the imposition of higher sentence may be justified because of aggravation, the aggravation relied upon as calling for the higher sentence must be charged in the indictment. 4 Wharton's Criminal Procedure 610, Indictment and Information § 1788; see also annotations, 125 ALR 605.

This raises the question as to whether or not the higher degree of the crime of robbery is sufficiently set forth in the indictment.

Section 26-706, OCLA, reads as follows:

"The indictment must be direct and certain, as it regards:

(1) The party charged;

(2) The crime charged; and,

(3) The particular circumstances of the crime charged when they are necessary to constitute a complete crime."

■ While this statute requires that the indictment must be "direct and certain" and this requirement is met if the offense is described in words of the statute or their equivalent, *State v. Burke et al.,* 126 Or 651, 676, 269 P 869, 270 P 756, it is also the rule that it is sometimes necessary to set forth the particular circumstances of the crime in order to establish specific acts which will bring the defendant within the condemnation of the statute. *State v. Goesser,* 203 Or 315, 322, 280 P2d 354; *State v. Smith,* 182 Or 497, 502, 188 P2d 998.

We are of the opinion the requirement that the particular circumstances be set forth is particularly applicable to the requirements of this case so that the indictment be such as to "enable the court to pronounce judgment * * * according to the right of the case."

"The criminal intent of the accused must be alleged when the criminalty of an act depends upon the intent with which it was done, but criminal intent need not be charged unless the statute makes such intent one of the constituent elements of the offense." 4 Wharton's Criminal Procedure 576, Indictment and Information § 1773.

Section 23-428, OCLA, while it uses the term "armed with a dangerous weapon" and this alone could be considered of sufficient gravity to create the higher degree, also requires that there must be an intent to use that weapon to either kill or wound, if necessary. Therefore, this statute requires a specific intent in addition to a general intent to commit larceny of the person, which the law presumes from the doing of the act, and is a necessary element of the crime.

■ It is not necessary to allege the specific intent

in the words of the statute if in alleging the acts done that intent is clearly disclosed. *Frohwerk v. United States,* 294 US 204, 39 S Ct 249, 63 L ed 561.

We do not think the indictment in this case would have been any clearer had the words of the statute "with intent, if resisted, to kill or wound" been used. The indictment sets forth the fact that the plaintiff was belaboring his intended victim with a dangerous weapon which shows at least an intent to wound to accomplish his purpose.

■ Since it was the legislative intent to include both an armed robbery and an unarmed robbery within the assault with intent to rob statute, and since the indictment was sufficient to describe an armed assault, it follows that the trial court was not prohibited by constitution from entering the sentence of 20 years, pronounced against the plaintiff.

The judgment of the trial court is reversed and the plaintiff is remanded to the custody of the warden.

Mr. Chief Justice McAllister concurs in the result.