Argued and submitted December 20, 1991, conviction affirmed; remanded for resentencing July 1, 1992

# STATE OF OREGON,
*Appellant,*

*v.*

# ALFRED DUNCAN,
*Respondent.*

(90-563; CA A69391)

833 P2d 1325

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Paul M. Ferder, Salem, argued the cause for respondent. With him on the brief was Ferder, Ogdahl, Brandt & Casebeer, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals the sentence imposed after defendant pled guilty to escape in the second degree. ORS 162.155(1)(c). The issue is whether the trial court erred in the crime seriousness classification of defendant's prior conviction for burglary in the first degree. We review under ORS 138.222(4)(b) and remand for resentencing.

■        Because the burglary conviction happened before adoption of the sentencing guidelines, it is classified for purposes of defendant's criminal history pursuant to OAR 253-04-010(2):

"A prior Burglary I (ORS 164.225) conviction for an offense committed before the effective date of these rules or any juvenile adjudication for conduct, committed before or after the effective date of these rules, which if committed by an adult would have constituted Burglary I shall be classified:

"(a)   As a prior person felony if the sentencing judge finds by a preponderance of the evidence that the criminal conduct would have been classified as a Crime Category 9 or 8 offense on the Crime Seriousness Scale (Appendix 2); and

"(b)   As a prior non-person felony if the sentencing judge finds by a preponderance of the evidence that the criminal conduct would have been classified as a Crime Category 7 offense on the Crime Seriousness Scale (Appendix 2)."

Under Appendix 2, first degree burglary is a category 8 crime if "the offense was committed while the dwelling was occupied." *Oregon Sentencing Guidelines Implementation Manual* 19 (1989).[1]

---

[1] Appendix 3 sets out the subcategories of burglary:

*"CRIME CATEGORY 9*

"Burglary I shall be ranked at Crime Category 9 if any of the following factors were included in the commission of the offense:

"a.) the offender was armed with a deadly weapon; or

"b.) the offender caused or threatened physical injury to the victim.

*"CRIME CATEGORY 8*

"Burglary I shall be ranked at Crime Category 8 if

"a.) the offender did not cause or threaten physical injury to the victim and did not possess a deadly weapon (CC 9); but

"b.) the offense was committed in an occupied dwelling.

The facts of defendant's conviction were summarized by his counsel:

"A neighbor was shooting at [defendant's] dogs. [Defendant] walked next door by himself. Knocked on the door, the individual let him in. * * * He walked in, he was talking with the individual. There was another friend there with the neighbor. [Defendant's] brother * * * came running over afterward . . . ah, ran up the stairs, the other guy had a gun in the house, he panicked, he pulled up the gun. There was an exchange of gun fire between [defendant's] brother, and the neighbor, and the friend. And one of the individuals got shot and killed. It was judged to have been self defense by a jury trial."

The court ruled that the burglary was a "non-person crime." With that classification, defendant came within grid block 6-G, which has a presumptive probation sentence. If the conviction were classified as a "person crime," defendant would come within grid block 6-D with a presumptive prison term of 13-14 months.

There is no dispute but that the dwelling was occupied. The court appeared to accept defendant's argument that the subcategories were intended to apply to "the standard burglary case" but not one involving "personal confrontation."[2] Defendant's objection is that, because he did not enter the dwelling with intent to commit theft, but rather to commit an assault, his crime was not burglary in the first degree, but burglary in the second degree.[3] He contends that

---

"*CRIME CATEGORY 7*

"Burglary I shall be ranked at Crime Category 7 if it cannot be ranked at Crime Category 8 or 9."

[2] The court's determination of the category based on its factual findings is reviewable as a matter of law. Although defendant argues that the state failed to meet its burden of proof by a preponderance of the evidence, there is no evidence that would support a finding that the dwelling was not occupied at the time of the crime.

[3] ORS 164.225(1) provides:

"A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person:

"(a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or

"(b) Causes or attempts to cause physical injury to any person; or

"(c) Uses or threatens to use a dangerous weapon."

classifying the burglary as a person crime would "aggravate" his offense a second time.

Classifying defendant's burglary conviction for purposes of criminal history does not constitute "hitting him twice for the same thing," as he would characterize it. Defendant is not being sentenced for burglary. He is being sentenced for escape. Under the guidelines, one of the factors that determines the sentence for that offense is his prior convictions.

■ The subcategories apply to offenses that cover a wide spectrum of criminal conduct and represent different degrees of crime seriousness. *Oregon Sentencing Guidelines Implementation Manual* 28 (1989). They are the legislative recognition that more serious conduct should be punished accordingly. *State v. Lark*, 113 Or App 458, 833 P2d 1286 (1992). The legislature has provided an enhanced penalty if a burglary occurs in an occupied dwelling. It was authorized to do that. *See Merrill v. Gladden*, 216 Or 460, 465, 337 P2d 774 (1959). The facts showed that defendant was convicted of burglary and that the dwelling was occupied. That criminal conduct came within category 8 and the court erred in the classification of defendant's prior burglary conviction.

Conviction affirmed; remanded for resentencing.

---

Under ORS 164.215(1), a person commits second degree burglary "if the person enters or remains unlawfully in a building with intent to commit a crime therein." A "dwelling" is "a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present." ORS 164.205(2).