STATE OF OREGON, RESPONDENT, v. DANIEL DOTY, APPELLANT.

ASSAULT WITH INTENT TO KILL—INDICTMENT—WHAT OBJECTIONS TO ARE WAIVED BY FAILURE TO DEMUR.—An indictment charging an assault with intent to kill, which follows the language of the statute and omits to state the acts constituting the offense, is sufficient where no objection is made to it until after verdict; but if demurred to, such indictment is insufficient.

IDEM.—All objections to the sufficiency of an indictment which appear upon its face, except the first and fourth grounds specified in § 123 of the Criminal Code, are waived by a failure to demur. *State of Oregon* v. *Dougherty et al.*, (4 Or. 200), and *State of Oregon* v. *Bruce*, (ante, 68,) cited and approved.

IDEM—EVIDENCE.—A defendant on trial for an assault with intent to kill, will not be permitted to show in his justification that, prior to the affray, he made complaint before a peace officer charging the assaulted party with having threatened his life, and asking to have him bound over to keep the peace.

APPEAL from Jackson County.

At the November term, 1875, of the Circuit Court for Jackson County, Oregon, Daniel Doty was convicted of the crime of assault with intent to kill, upon an indictment of which the following is a copy, omitting the formal parts:

"Daniel Doty is accused by the grand jury of the county of Jackson by this indictment, of the crime of assault with intent to kill, committed as follows: The said Daniel Doty, on the 18th day of April, 1875, in the county of Jackson, State of Oregon, did assault Brooks Johnson with intent to kill him, the said Brooks Johnson, contrary," etc.

No demurrer was interposed, and the defendant pleaded "not guilty." At the trial, it was proved that at the time and place named in the indictment, there was an affray between the defendant, on the one side, and Brooks Johnson and Thomas W. Johnson, on the other, in which the defendant killed Thomas W. Johnson, and wounded Brooks Johnson. The defendant offered a witness to prove that prior to the affray, he made complaint to the district attorney charging Thomas W. Johnson with having made threats against his life, and asking to have him bound over to keep the peace. The testimony was rejected by the court. After

verdict, the defendant made a motion in arrest of judgment and for a new trial, alleging, among other specifications of error, that the indictment was defective, and that the court erred in excluding the evidence above mentioned. The motion was overruled, and there was judgment upon the verdict. The defendant appealed to this Court.

*H. K. Hanna, District Attorney, and J. F. Watson,* for Respondent.

*J. D. Fay and Thayer & Williams,* for Appellant.

By the Court, BONHAM, C. J.:

The bill of exceptions in this case discloses the fact that numerous objections were made by the defendant to the proceedings at the trial in the court below, touching the admission of testimony offered by the State and the rejection of evidence offered by the defendant, and concerning instructions given by the court, as well as those asked for by the defendant, which were refused. We shall review here, however, only those objections which counsel for appellant have presented in their brief and argument in this Court, believing, from a careful examination of the bill of exceptions, that none of the numerous other objections are well taken.

The first objection urged here by counsel for appellant is, that the indictment in this case is fatally defective, in that it does not state facts sufficient to constitute a crime. It is claimed that the State should have specified in this indictment the means by which, and the manner in which, the alleged assault was committed, naming the weapon used, if any, so that the defendant might be intelligibly informed of "the nature and cause of the accusation against him," and be thereby enabled to prepare for his defense. In support of this position, counsel for the appellant cite *State of Oregon* v. *Dougherty et al.,* decided by this Court at its December term, 1871 (4 Or. 200), and also Bishop on Criminal Procedure, § 77 and note, and 3 Sneed. 66.

In answer to this proposition, counsel for the respondent

cite the decision of this Court in *State of Oregon* v. *Bruce*
(ante, 68); 26 Iowa, 467; 5 Cush. 365; 21 Ind. 441; Whar-
ton's Am. Crim. Law, § 292; 44 Cal. 93.

As to the sufficiency of an indictment framed in manner
and form like the one in this case, the authorities certainly
are not uniform; but without reviewing the cases cited, *pro*
and *con*, from the courts of other States on this subject, we
desire to note briefly the decision of this Court made in
*State* v. *Dougherty et al.*, and in *State* v. *Bruce*, and consider
the question of the sufficiency of this indictment with ref-
erence to the law, as it is construed in these cases, and with
reference to the language of our Criminal Code on this
subject.

We think that upon a careful examination of the two
decisions of this Court above cited, they will be found to
fully harmonize with each other, as well as with the provis-
ions of our Constitution and laws on the subject of criminal
practice in this State. The case of *State of Oregon* v.
*Dougherty et al.*, decides that a person accused of crime in
this State, has not only a statutory but a constitutional
right to demand before he is placed upon his trial "the
nature and cause of the accusation against him" (Code, p.
76; § 11, Bill of Rights); also to have submitted to him by
the indictment "a statement of the acts constituting the
offense, in ordinary and concise language, without repeti-
tion, and in such manner as to enable a person of common
understanding to know what is intended." (Criminal Code,
§ 69.) In *State* v. *Dougherty et al.*, the indictment was held
to be defective, because it failed to describe the character
of the lottery which the defendants were charged with
setting up, so as to enable them to know what was intended,
and to be prepared for their defense when the case should
be called for trial. In other words, it was held in that case
that the indictment was subject to objection on the second
ground of demurrer, as prescribed in chapter 2 of the Crimi-
nal Code, to wit: "That it does not substantially conform
to the requirements of chapter 8 of this Code." But in
*State* v. *Dougherty et al.*, the defendants raised the question
as to the sufficiency of the indictment at the proper time

and in the proper manner, by demurrer. But in this case, as also in the case of *State of Oregon* v. *Bruce,* no demurrer was interposed, but the objection to the indictment was for the first time presented on motion in arrest of judgment. In *State of Oregon* v. *Bruce,* it was conceded by the Court that a demurrer to the indictment, had one been interposed, should have been sustained, on the ground that it did not substantially conform to the requirements of chapter 8 of the Code. And we say the same of the indictment in the present case. But we do not think it can be maintained that this indictment does not charge a crime within the meaning of subdivision 4 of § 123 of the Criminal Code. The charge is in the language of the statute, and the legal signification of the term "assault with intent to kill," implies an unlawful and felonious attempt to take the life of another.

The indictment in this case, to have been perfect and free from objection, should have specified the weapon or means employed in making the assault complained of ; but in the absence of a demurrer such indictment is sufficient after verdict. It should be understood, because our statute is paramount authority on that subject, that three of the five grounds of demurrer, as specified in § 123 of the Criminal Code, are waived by the failure to demur, if the objection appear on the face of the indictment. And we repeat here in substance what we said in the case of *State* v. *Bruce,* that to hold otherwise would be to do violence to a plain provision of the statute, and to impose unnecessary additional expense and labor upon the State in the prosecution of offenders, and would in many cases, by the resulting delays, afford to the guilty means of escape from merited punishment for their crimes.

The second objection urged by counsel for the appellant is to the effect that the court erred in refusing to admit the testimony of H. K. Hanna, District Attorney, called on the part of the defendant on the subject indicated by the following question: "State whether or not defendant came to you about two weeks before the affray of April 18, 1875, and made complaint against Thomas W. Johnson, for menacing and threatening him, and asked that proceedings might be

instituted against him to have him bound over to keep the peace toward the defendant?" The evidence suggested by this question, it is claimed, was offered by appellant for the purpose of showing that he had reason to believe, and did believe, that he was in danger of great bodily harm or the loss of his life at the time of the difficulty complained of, out of which originated the charge of assault with intent to kill. Counsel for the appellant claim that this evidence, if it had been admitted, would have tended to show that the appellant was under the protection of the rule as recognized in *Goodall* v. *The State* (1 Or. 333). The rule, as laid down in that case, is, "that if they (the jury) believed, from the evidence in the case, that there was reasonable ground for Goodall to believe his life in danger, or that he was in danger of great bodily harm from the deceased, and that such danger was imminent, and he did so believe, and acting on such belief killed the deceased, he was excusable, and that it was not necessary that he should wait until an assault was actually committed." But the evidence offered in this case was properly rejected, for two reasons: First, no reference is made, in the question asked Mr. Hanna, to Brooks Johnson, the assaulted party in this case, but it was Thomas W. Johnson whom the appellant claims he wanted to have put under bonds to keep the peace, because he was afraid of personal violence from him. In the second place, we think that the evidence offered savors too much of declarations in the interest of the party making them to be admissible under the well-established rules of evidence on that subject. To illustrate the effect of such evidence, suppose that A. should go to B., a peace officer, to-day, and declare that C. had threatened to take his (A.'s) life, and had threatened to shoot him on sight if he should meet him again, and should ask for a warrant for the arrest of C., which for some reason should be refused, and no further inquiry into the truth of the matter should be made, to-morrow A. shoots C., and kills him; would the evidence of A.'s declaration to B. be admissible on the trial of A. for the murder of C.? We think not.

We find no error in the judgment of the court below. It is therefore affirmed.