[Filed March 23, 1891.]

## STATE OF OREGON *v.* TONY LYNCH.

INDICTMENT FOR ASSAULT WITH INTENT TO KILL — INTENT, HOW ALLEGED.— In an indictment for an assault with intent to kill, after properly charging the assault, the intent may be alleged by averring that the assault was made "with the intent him, the said J. B., then and there to kill and murder."

Multnomah county: L. B. STEARNS, Judge.

Defendant appeals.   Affirmed.

The charging part of the indictment is as follows:   "The said Tony Lynch, on the 20th day of October, 1890, in the county of Multnomah and state of Oregon, was armed with a dangerous weapon, namely, a pistol loaded with gunpowder and leaden balls, and being so armed with such dangerous weapon aforesaid, did then and there unlawfully and feloniously assault one James Brown with such dangerous weapon, by then and there shooting at him, the said James Brown, with said loaded pistol, with intent him, the said James Brown, to then and there kill and murder."   A general demurrer to this indictment was interposed and overruled.   Upon a trial the jury found the defendant guilty as charged in the indictment and he was sentenced to the penitentiary, from which judgment he has appealed to this court.

*H. E. McGinn, A. F. Sears, Jr.,* and *N. D. Simon,* for Appellant.

The indictment does not charge an intent to kill.   There is neither malice nor premeditation charged.   The assault charged must have been such as would render the defendant guilty of some degree of murder had it resulted in death. (2 Bish. Crim. Proc. § 77; *State* v. *Neal,* 37 Me. 468; 1 Whar. Crim. Law, § 641 (9th Ed.); Whar. Crim. Pld. & Prac. § 163; 2 Bish. Crim. Proc. 651; *Com.* v. *Boynton,* 12 Cush. 500; *Com.* v. *Dean,* 110 Mass. 64; 19 Wis. 592; 28 Miss. 277; 1 Ga. Dec. 158; 7 Ind. 516; 1 Scam. 288; 12 Cal. 325; 24 Ark. 345; 3 Eng. 451; 1 Tex. App. 211; 41 Tex. 98; 11 Id. 22.)

*T. A. Stephens*, district attorney, and *W. T. Hume*, for Respondent.

The indictment charged that the defendant unlawfully and feloniously assaulted one James Brown, etc., to then and there kill and murder. This we think sufficient. (*State* v. *Doty*, 5 Or. 491; *State* v. *McLennen*, 16 Or. 59; *People* v. *Swenson*, 49 Cal. 388; *U. S.* v. *Augey*, 6 Mack. 66; *Malone* v. *State*, 77 Ga. 767.)

An indictment in the language of the statute is sufficient. (*State* v. *Light*, 17 Or. 358; *State* v. *Ah Sam*, 14 Or. 347.)

In some states it is necessary to allege the intent as claimed by appellant, but this depends on the adjudications of the particular state. (2 Bish. Crim. Proc. § 657; Bish. Dir. & Forms, § 555.)

The intent and malice may be inferred from the facts in evidence. (*Conn* v. *People*, 116 Ill. 458; *Padgett* v. *State*, 103 Ind. 550.)

STRAHAN, C. J.—There was but one question presented upon the argument that we deem necessary to notice, and that is the sufficiency of the indictment. The appellant's contention is that the indictment is fatally defective for the reason that it fails to charge that the assault was made maliciously or of deliberate and premeditated malice, and this is the only question necessary to be decided. The indictment is founded on section 1740, Hill's Code, which is as follows: "If any person shall assault another with intent to kill, to rob or to commit a rape upon such other," etc. The indictment charges that the assault was made upon the prosecutor "with the intent him, the said James Brown, to then and there kill and murder." It may be safely conceded that the authorities are not uniform on this subject, and probably the weight of authority is with the appellant; but in *State* v. *Doty*, 5 Or. 491, a conviction was upheld upon an indictment for this crime which certainly was not drawn with as much technical accuracy as the one now before the court. After disposing of some other questions presented in that case, the court said: "But we do not think it can

be maintained that this indictment does not charge a crime within the meaning of subdivision 4, section 123, of the criminal code. The charge is in the language of the statute, and the legal signification of the term 'assault with intent to kill' implies the unlawful and felonious attempt to take the life of another." This is a construction of this provision of the Code by this court, which has never been questioned and which we do not feel at liberty to disregard. Mr. Bishop, in his work on Directions and Forms, is in accord with this construction. In section 553 this distinguished author says: "In general, the verb 'to kill' in such a connection requires only the intent to do what would constitute, if done, either murder or manslaughter." And he adds, in section 555, "The common and prudent method of alleging this intent, not inquiring whether any other is permissible, is after its legal effect in distinction from its outward form; as, 'with intent to kill the said H,' or 'with intent to murder the said H,' or 'with intent to kill and murder the said H,' or 'with intent feloniously and of his malice aforethought to kill and murder the said H,' or 'with intent feloniously and of his malice aforethought to commit murder in the first degree.'" And in effect the same doctrine is announced in *People* v. *Congleton*, 44 Cal. 92; *People* v. *Swenson*, 49 Cal. 388.

The intent necessary to constitute a crime under this section of the Code is stated with as much particularity as could be reasonably desired. The assault was made with intent to kill and murder, and the circumstances of the assault are stated with particularity. In addition to this, the court instructed the jury in effect that they must find that the assault was made of deliberate and premeditated malice, or maliciously, before they could find the defendant guilty. Practically, the defendant had the benefit of every principle of law for which he has contended on this appeal.

Finding no error in the judgment appealed from, the same must be affirmed.

BEAN, J.—I concur in the opinion of the chief justice in this case solely upon the ground of *stare decisis*. It seems to

come within the doctrine of *State* v. *Doty,* 5 Or. 491, and while I think that case is not supported by the better authority, I do not feel at liberty to disturb it at this time. I am authorized to say that Justice LORD concurs in this view.