Argued January 31, affirmed as modified March 30, 1966

# STATE OF OREGON *v.* COLLIS
### 413 P. 2d 53

*Thomas J. Owens,* District Attorney, Medford, argued the cause and submitted a brief for respondent.

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Lawrence A. Aschenbrenner, Public Defender, Salem.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore).

The defendant, who was 20 years old at the time of trial, was found guilty of assaulting another woman

by shooting her with the intent to kill her in violation of ORS 163.280 and was sentenced to life imprisonment. On appeal she makes two assignments of error. The first deals with the introduction into evidence of her signed statement, the taking of which allegedly was not preceded by advice of her Fifth and Sixth Amendment rights in the form required by *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed2d 977, as interpreted by *State v. Neely,* 239 Or 487, 395 P2d 557, 398 P2d 482.

■ We need not consider whether the requirements of the *Neely* case were met. The statement received into evidence without objection was not a confession in the traditional sense. Throughout the trial defendant admitted the shooting—the only substantial question was her intent at the time of the shooting. The statement which she now seeks to denominate a "confession" did no more than admit the shooting. Rather than being an acknowledgment of guilt of the crime charged or an admission of her intent to kill or injure, the statement denied intent to do harm. Its admission into evidence, if error, was harmless and, as such, no ground for reversal. *State v. Jones,* 82 Or Adv Sh 81, 416 P2d 219.

The second assignment of error presents a more difficult problem. By it the defendant contends that under the facts alleged in the indictment any sentence in excess of 15 years in the penitentiary is in violation of Art. I, § 16, Oregon Constitution, which provides:

"* * * [A]ll penalties shall be proportioned to the offense."

The indictment read:

"[That] Diana Marie Collis * * * did * * * assault one Colleen Knapp * * * by shoot-

ing * * * [her] with a pistol, with intent to kill
* * * [her]." (ORS 163.280.)

Malice was not alleged in the indictment nor was the
jury instructed with regard to "malice" as an element
of the crime charged.

The substance of defendant's position is that the
phrase "assault with intent to kill," unaccompanied by
words characterizing the act as with "malice," is syn-
onymous with an "attempt to commit voluntary man-
slaughter." The defendant argues that the penalty for
an "attempt" cannot legally be greater than the max-
imum provided by statute for the crime attempted. The
maximum penalty for manslaughter is 15 years (ORS
163.080).

The state's position is that ORS 163.280 makes an
"assault with intent to kill" a separate, substantive
crime and not an attempt to commit an act denom-
inated a crime by the homicide statutes. The state then
argues that since the crime is not an "attempt" to com-
mit an unlawful homicide, the legislature may properly
establish a penalty without regard to the maximum
penalties established for homicides.

A review of the statutory history of "assault with
intent to kill," which has been a crime in Oregon since
1864, illustrates the need for a comprehensive revision
of our criminal code. Until 1955, ORS 163.270 read:

> "Any person who assaults another with *intent
> to kill,* rob, or to commit rape upon such other, or to
> commit any of the crimes specified in ORS 163.230
> [mayhem], shall be punished upon conviction by
> life imprisonment in the penitentiary or for a pe-
> riod or no more than 20 years."[1] (Emphasis sup-
> plied.)

---

[1] Prior to 1920 the maximum penalty prescribed was ten years.
Deady, General Laws of Oregon 1845-1864, § 528.

In March of 1955 this court, in *Cannon v. Gladden,* 203 Or 629, 281 P2d 233, held that a life sentence under ORS 163.270 for the crime of attempted rape was unconstitutionally disproportionate because the completed act of rape was punishable by a maximum of 20 years. Because of the *Cannon v. Gladden* decision, the legislature, which was then in session, amended the punishment provisions of ORS 163.270 by Oregon Laws 1955, ch 371, to read:

> "* * * [S]hall be punished upon conviction by imprisonment in the penitentiary for a term not exceeding the maximum punishment provided by law for conviction of the respective greater crimes."

The minutes of the House Judiciary Committee hearing on April 18, 1955, contained the following statement:

> "The chairman stated that this bill, which would provide the punishment for the intent to commit certain crimes not be more than the punishment for the crimes, was introduced following a recent Supreme Court decision holding that in effect it is unconstitutional for the opposite to occur. The present statute provides a greater punishment for the intent to commit rape than for the crime itself."

As amended in 1955, ORS 163.270 provided that a "person who assaults another with intent to kill * * * shall be punished * * * for a term not exceeding the maximum * * * for conviction of the respective greater crime. . . ."

By Oregon Laws 1957, ch 640, the legislature removed the crime of assault with intent to kill from ORS 163.270 and included it in ORS 163.280, which, prior to that time, covered only armed robbery. ORS 163.280, as amended in 1957, now reads:

> "Any person who *assaults another with intent to kill* the person assaulted, or any person, being

armed with a dangerous weapon, who assaults another and who robs, steals or takes from the person assaulted any money or other property which may be the subject of larceny, *shall be punished upon conviction by imprisonment in the penitentiary* for life or for any lesser term. The lesser punishment provided by this section shall be exercised only in those cases in which, in the judgment of the court, leniency should be shown." (Emphasis supplied.)

The only available history concerning the legislative intent in enacting the 1957 version is contained in the minutes of the Senate Judiciary Committee. A member of the House of Representatives appearing before this committee stated that assault with intent to kill was covered by both ORS 163.270 and 163.280.[⊚] He then stated that the purpose of the proposed amendment was to take it out of ORS 163.270. In response to a question put to him, he gave his opinion that the amendment would not change the penalty for assault with intent to kill. By this, he must have meant the penalty prescribed by the 1955 amendment. There is no record of any further committee discussion concerning the purpose of this amendment.

The state, in support of its position, relies on just one Oregon case, *Smallman v. Gladden,* 206 Or 262, 291 P2d 749. That case dealt with the crime of assault with intent to kill when it was part of ORS 163.270 and prior to the 1955 amendment removing life imprisonment as the maximum penalty. The information under which Smallman plead guilty charged him with an assault by pistol with intent to *kill and murder.* He received a sentence of 20 years and in his post-conviction proceeding unsuccessfully contended that since

---

[⊚] He was in error. At that time only ORS 163.270 covered this crime.

the maximum sentence for manslaughter was 15 years, the 20-year sentence was unconstitutionally excessive. The opinion recognized assault as an intentional attempt by force and violence to do injury to the person of another, citing numerous Oregon cases. However, it then went on to hold that the statutes relating to unlawful homicide do not limit the penalty for assault with intent to kill because the crime of assault with intent to kill is a separate, substantive crime and not an ineffectual attempt to commit unlawful homicide. The rationale of this conclusion was "there is no statute that makes it a crime merely to kill another." *Smallman v. Gladden,* supra at 280.

While, for reasons which we state later herein, the 20-year sentence given Smallman was not excessive in that case, we conclude that the language in the opinion indicating that a charge of assault with intent to kill is not a charge of attempt to commit an unlawful homicide is incorrect and must be overruled.

*State v. Smith,* 228 Or 340, 364 P2d 786, dealt with assault with intent to kill during the period when the maximum penalty provided was a "term not exceeding the maximum * * * for the conviction of the respective greater crime...." However, the opinion is instructive in its detailed analysis of the words of the statute and their legal significance. There we held that "kill" as used in the statute "connotes a felonious killing" (228 Or at 352) and said:

> "In *State v. Lynch,* 20 Or 389, 391, 26 P 219, this court said that 'the legal signification of the term "assault with intent to kill" implies the unlawful and felonious attempt to take the life of another.' This obvious truth is not to be lost sight of in any inquiry as to the sense in which the word 'kill' is used in the statute." 228 Or at 348-49.

■ The *Smith* case, supra, correctly analyzes the statute as envisaging a felonious as distinguished from a lawful killing. Physical violence however slight, or the threat thereof, can be enough to constitute an assault. *State v. Smith,* 98 N H 149, 95 A2d 789. To hold that the statute covers the use of force in an attempt to achieve a killing sanctioned by law would be to give it a strained construction. It is difficult to comprehend circumstances in which a killing would not be unlawful (justifiable homicide) yet the force used to achieve it would be. Assuming that such circumstances could exist, interpretation of the word "kill" as used in ORS 163.280 to mean a lawful homicide, would be to assign to the legislature the intention of declaring the slightest force aimed at gaining a lawful end to be a major felony.

*State v. Wilson,* 218 Or 575, 346 P2d 115, 79 ALR2d 587, contains language which, in effect, overrules the holding in the *Smallman* case that "assault with intent to kill" is not an attempt to commit an unlawful homicide. There we said:

> "We have no statute defining the crime of assault alone. Aggravated assaults of various kinds are provided for (e.g., ORS 163.240 to 163.280 inclusive) but these and other statutes dealing with criminal assaults do not purport to define assault itself.
> "* * * * *
> "* * * The manner in which the cases have defined assault, describing conduct which is designed to produce a criminal battery but for some reason falls short of the final harm, lends support to the idea that the crime is no more than an attempt to commit a crime and that it is not a crime standing upon its own separate ground." 218 Or at 582-584.

In any event, regardless of what the legislative intent may have been between 1864 and 1955, the 1955

amendment limiting the punishment for assault with intent to kill to the punishment authorized "for the respective greater crime," makes it clear that the legislative intent as of that time was that assault with intent to kill be considered as an attempt at a greater crime. The 1957 legislative history, supra, makes it equally clear that the legislature considered the 1957 amendment as purely a "housekeeping" as distinguished from a substantive change.

■ We hold that the crime of "assault with intent to kill" is in fact the crime of "attempted unlawful homicide."

The legislature has, in effect, provided that a person who assaults another in an attempt to commit an unlawful homicide shall be punished by imprisonment for life or for a lesser term.

■ The only intentional unlawful homicides are first degree murder, punishable by life imprisonment (ORS 163.010);[9] second degree murder, punishable by imprisonment for not more than 25 years (ORS 163.020),[10] and voluntary manslaughter, punishable by imprisonment for not more than 15 years (ORS 163.080). As we held in *Cannon v. Gladden,* supra 203 Or 629, 281 P2d 233, a sentence for an attempt greater than the penalty provided for the crime attempted is unconstitutional because of the provisions of Art I, § 16, Oregon Constitution, that "all penalties shall be proportioned to the offense."

*State v. Smith,* supra 228 Or 340, 364 P2d 786, states that the phrase "to kill," not qualified as being with

[9] By vote of the people in 1964, the death penalty for murder in the first degree was abolished, and the maximum penalty for murder in the second degree was reduced from life to 25 years imprisonment. Oregon Laws 1963, ch 625.

[10] See note 3 supra.

malice, is generally construed to mean manslaughter. It does not follow that the word "kill" as used in ORS 163.280 must be defined in such a restrictive sense. If we were to so limit the word "kill," we would be required to hold the statute unconstitutional, at least in part, because it would purport to authorize a sentence for attempted manslaughter greater than the 15-year maximum prescribed for manslaughter itself.

■■ We need not construe the statute so narrowly. In construing a statute we must be guided by the established rule that every presumption is in favor of its validity and we must seek a construction which will avoid unconstitutionality. *State v. Anthony,* 179 Or 282, 169 P2d 587, cert. den., 330 US 826, 67 S Ct 865, 91 L Ed 1276. The more reasonable and the constitutional interpretation of the word "kill" as used in the statute is in its broad sense—as encompassing both murder and voluntary manslaughter.

In *Merrill v. Gladden,* 216 Or 460, 337 P2d 774, we dealt with an analogous situation. There the statutory language under consideration was the provision of ORS 163.270, as it existed at the time in question, providing that if "any person shall assault another with intent to * * * rob, such person * * * shall be punished by imprisonment * * * for a period of * * * not more than twenty years." The maximum sentence for unarmed robbery was 15 years; for armed robbery it was life. We construed the statute as encompassing attempts to commit both armed and unarmed robbery and providing for maximum sentences in accordance with the particular crimes attempted. As that opinion pointed out, "the rule of the common law that penal statutes are to be strictly construed has been abrogated by statute. Criminal statutes are now to be construed according to their fair import to effect their

object and promote justice. ORS 161.050." (216 Or at 465.) The opinion concluded that since the indictment alleged that Merrill attempted robbery while armed with a dangerous weapon, a sentence of 20 years under the "assault with intent to rob" statute was not disproportionate.

Under the "assault with intent to kill" statute, ORS 163.280, a person may be charged with an attempt to commit first degree murder, second degree murder, or voluntary manslaughter. It does not follow that since the legislature used the word "kill" in ORS 163.280 to encompass all degrees of voluntary homicide that the word is sufficient, standing alone, to cover all degrees when used in an indictment.

 An essential element of first degree murder is "deliberate and premeditated malice." An essential element of second degree murder is "malice." ORS 132.540 (f) requires that the act or omission charged as a crime be set forth in the indictment in such a manner "as to enable a person of common understanding to know what is intended * * *." An indictment which does not allege malice does not tell the defendant he is charged with murder. Likewise, in order for an indictment under ORS 163.280 to support a finding of attempted murder, it must allege malice.[9] In the *Smallman* case, 206 Or 262, 271, 291 P2d 749, the information charged the defendant with intent to *kill and murder* thereby including, even if unartfully, the element of malice.

 The indictment in the case at bar charged that the defendant "did then and there unlawfully and fe-

---

[9] State v. Lynch, 20 Or 389, 26 P 219 and State v. Kelly, 41 Or 20, 68 P 1, held that a pleading of malice was unnecessary under the assault with intent to kill statute. At the time of those decisions the maximum penalty for assault with intent to kill was less than that prescribed for voluntary manslaughter.

loniously assault * * * by shooting * * * with intent to kill." It did not allege malice. In legal effect, the charge laid was assault with intent to commit voluntary manslaughter, *State v. Smith,* supra, for which the maximum sentence permitted by Art. I, § 16, Oregon Constitution, is 15 years.

That portion of the judgment sentencing the defendant to be confined for the period of her natural lifetime is vacated, and it is ordered that the defendant be returned to the circuit court of Jackson county for imposition of a lawful sentence.

Affirmed as modified.