Argued February 28, affirmed March 30, 1966

## MACOMBER v. GLADDEN ·
### 412 P. 2d 523

*Wayne M. Thompson,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs was Robert Y. Thornton, Attorney General, Salem.

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

SCHWAB, J. (Pro Tempore).

Petitioner Macomber sought post-conviction relief from a sentence to life imprisonment on his plea of guilty to the charge of assault with intent to kill. At the time the crime was committed and judgment entered (1950) the statute provided:

> "If any person shall assault another with intent to kill * * * such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary during the life of such person or for a period of not less nor more than twenty years." § 23-427, OCLA.

His plea of guilty was entered to an information on waiver of indictment which read in pertinent part:

"That said * * * Macomber did then and there unlawfully and feloniously assault * * * with intent * * * to * * * kill * * *."

The information did not charge malice.

The sole issue presented at the post-conviction hearing was whether a sentence greater than that provided for voluntary manslaughter, i.e., a maximum of 15 years in the penitentiary, was excessive in the absence of an allegation of malice in the indictment. The trial judge ruled in the affirmative, vacating the life sentence and ordering that the petitioner be remanded to the circuit court for re-sentencing. The defendant appeals.

This issue has been decided today in *State v. Collis*, 243 Or 222, 413 P2d 53.

Affirmed.