Jack R. DELANEY, Appellant,

v.

Clarence T. GLADDEN, Warden Oregon State Penitentiary, Appellee.

No. 22226.

United States Court of Appeals
Ninth Circuit.

June 25, 1968.

Rehearing Denied July 18, 1968.

Alan D. Gross (argued), Salem, Or., for appellant.

David H. Blunt (argued), Asst. Atty. Gen., Robert Y. Thornton, Atty. Gen., Salem, Or., for appellee.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge:

Jack R. Delaney, in Oregon State penal custody under a judgment of conviction entered on July 9, 1958, and sentence imposed thereunder, appeals from a district court order denying his application for a writ of habeas corpus.

Delaney was indicted and convicted of unlawfully, feloniously and forcibly assaulting an adult female with intent to commit rape, in violation of Ore.Rev. Stat. § 163.270.[1] The maximum punish-

---

1. Section 163.270 reads:
 "Assault with intent to rob or commit rape or mayhem. Any person who assaults another with intent to rob or to commit rape upon the person assaulted, or to commit any of the crimes

ment for this crime is imprisonment for twenty years. Or.Rev.Stat. § 163.210. Delaney was sentenced to imprisonment for fifteen years.

He contends that the offense defined in section 163.270 is identical with the offense of attempted rape, as defined in Or.Rev.Stat. § 161.090, for which the maximum punishment is imprisonment for ten years.[2] Accordingly, Delaney argues that the two statutes, read together, conferred upon the prosecutor discretionary power to prosecute Delaney under either one of two statutes prescribing disparate penalties. Since the prosecutor chose to prosecute him under section 163.270, which prescribes the higher maximum penalty, and Delaney was given a heavier sentence thereunder than could have been imposed under section 161.090, he contends that he was deprived of the equal protection of the laws guaranteed by the Fourteenth Amendment.

■ Under State v. Wilson, 218 Or. 575, 346 P.2d 115, 120–122, 79 A.L.R.2d 587 as construed in State v. Collis, 243 Or. 222, 413 P.2d 53, 56, it would appear that the offense described in section 163.-270, assault with intent to commit rape, is identical with the offense described in section 161.090, attempted rape. Assuming this to be true, the state prosecutor was thus given the discretion to prosecute Delaney under either section 163.270 or 161.090.

■ But on this hypothesis, conviction under either statute would call for the same punishment, and therefore no equal protection problem is presented. This conclusion follows from the fact that, under section 161.090, the lesser penalty prescribed therein is to be imposed only "when no other provision is made by law for the punishment of such attempt * * *." Another provision is made by law for the punishment of such attempt, namely the provision in section 163.270, prescribing the maximum punishment of imprisonment for twenty years.

■ If we are mistaken in construing sections 163.270 and 161.090 as both defining the crime of attempted rape, then it must be because, in view of the assault factor mentioned in section 163.270, that statute defines a graver offense than the offense described in section 161.090. Under this analysis, however, no circumstance is presented which could give rise to an equal protection problem because then the two statutes define different offenses.

■ It is true that, under this latter hypothesis, although the evidence warranted a prosecution under section 163.-270, the prosecutor could have, in his discretion, prosecuted under section 161.090 charging the lesser offense. But the fact that in this case he did not do so presents no more of an equal protection problem than if, on evidence tending to

specified in ORS 163.230, shall be punished upon conviction by imprisonment in the penitentiary for a term not exceeding the maximum punishment provided by law for conviction of the respective greater crimes."

2. At the time Delaney was convicted, section 161.090 read:
 "**Punishment for attempt to commit crime.** Any person who attempts to commit a crime, and in the attempt does any act towards the commission of the crime but fails or is prevented or intercepted in the perpetration thereof, shall be punished upon conviction, when no other provision is made by law for the punishment of such attempt, as follows:

"(1) If the crime so attempted is punishable by imprisonment in the penitentiary or county jail, the punishment for the attempt shall be by like imprisonment for a term not more than half the longest period prescribed as a punishment for the crime but in no event more than 10 years. If the crime so attempted is punishable by death, or imprisonment for life, the punishment for the attempt shall be by imprisonment in the penitentiary for not more than 10 years.
"(2) If the crime so attempted is punishable by fine, the punishment for the attempt shall be by a fine not exceeding half the amount of the largest fine prescribed as a punishment for the crime."

prove murder in the first degree, the accused was prosecuted on that charge rather than the lesser included charges of manslaughter or murder in the second degree. The conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. See Oyler v. Boles, 368 U.S. 448, 456, 82 S. Ct. 501, 7 L.Ed.2d 446.

Having determined that, under the described circumstances, no equal protection problem is presented, we need not determine whether, if the two statutes describe the same offense but prescribe varying penalties, a prosecution and conviction under the statute prescribing the heavier penalty would be a deprivation of rights guaranteed by the Fourteenth Amendment.

Delaney contends that he is entitled to a writ of habeas corpus because there was an unreasonable delay in taking him before a magistrate following his arrest.

■ In a federal prosecution this would be a good point if supported by the facts because of Rule 5(a), Federal Rules of Criminal Procedure. That rule was promulgated in pursuance of ·the United States Supreme Court's supervisory power over federal prosecutions. It was designed to supersede a number of federal statutes theretofore in effect prescribing the time within which a prisoner must be brought before a committing magistrate. Neither Rule 5(a) nor the statutes it replaced were intended to fulfill a constitutional command. See Watts v. United States, 9 Cir., 273 F.2d 10, 12; Butterwood v. United States, 10 Cir., 365 F.2d 380, 384. Notes of Advisory Committee on Rules, Rule 5(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., p. 116.

■ Delaney calls attention to Oregon statutes which, in his view, require that a person arrested for an Oregon State offense be taken before a magistrate without unnecessary delay. However, he does not cite, and we are not aware of any authority to the effect that this is a federal constitutional requirement. No federal constitutional right being involved, a delay in taking Delaney before a state magistrate following his state arrest, considered apart from any question of the voluntariness of admissions or confessions obtained during the period of delay, would not entitle him to federal habeas relief.

■ Delaney argues that he is entitled to a writ of habeas corpus because he was not given adequate warning of his right to remain silent and his right to counsel prior to his interrogation by state officers on the night of March 6–7, 1958, and in connection with his appearance before a grand jury on March 12, 1958. The constitutional right to such warnings was first announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, decided June 22, 1964, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, decided June 13, 1966. The state trial of Delaney commenced on June 13, 1958. The constitutional principles announced in *Escobedo* and *Miranda* need not, insofar as the Federal Constitution is concerned, be applied retroactively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

■ Delaney urges that he is entitled to a writ of habeas corpus because he was denied the assistance of counsel at critical stages of the prosecution. The only evidence which he relies upon to provide factual support for this contention is his own testimony. The district court, however, found that Delaney was not denied counsel at any critical stage of the proceedings and that he in fact had seven attorneys at various stages of the criminal proceedings. The state court record reveals that counsel was first appointed shortly after Delaney's arrest, and that any absence of counsel was due to Delaney's uncooperative attitude toward persons assigned to represent him. In our opinion this finding of fact is not clearly erroneous. We therefore conclude that this contention by Delaney is without merit.

■ Delaney contends that he is entitled to a writ of habeas corpus because

certain oral admissions made by him to police officers in the course of interrogation were "Involuntary and Improperly Secured." His argument on this point, however, appears to be based exclusively upon the assertion that he was not given adequate warning as to his constitutional rights. But, as pointed out above, Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, precludes federal habeas relief on such a ground where the state trial in question occurred in 1958.

▆▆▆ Delaney contends that he is entitled to a writ of habeas corpus because, at the state trial, evidence of incriminating statements made by him was received in evidence without the court first determining that the statements were voluntary. He also points out that it cannot be determined from the state trial record whether the jury found the statements were voluntary. Delaney thus seeks to present a problem under Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, such as recently engaged our attention in Gladden v. Unsworth, 9 Cir., 396 F.2d 373, decided May 1, 1968.[3]

The evidence in question consisted of the testimony of Oregon State Police Officer Henry Kaczenski. Kaczenski testified that he interviewed Delaney, who was presumably then in custody, and that Delaney made certain statements which were "made voluntarily, without threat. * * *" Delaney's statements, according to this witness, were to the effect that Delaney had twice had intercourse with the prosecuting witness on the occasion in question but that he exerted no force and the prosecuting witness was a willing participant.

According to Kaczenski, Delaney also admitted taping the prosecuting witness

with tape which was his but explained that this was done because she was a "masochist." In addition, the witness testified that at the time of his arrest, Delaney admitted that he owned the jacket found at the place of arrest, in which jacket certain incriminating articles were found.[4]

The state trial record shows that no objection was made to the questions which elicited this testimony, on the ground that the incriminating statements were involuntary, or on any other ground. Nor was any motion made to strike the testimony on any ground or for a hearing outside the presence of the jury on the question of voluntariness, or for a determination by the trial judge as to the voluntariness of the statements.[5]

In Pinto v. Pierce, 389 U.S. 31, 32, 88 S.Ct. 192, 19 L.Ed.2d 31, the Supreme Court pointed out that Jackson v. Denno pertained to circumstances which, among others, included a trial court challenge to the admissibility of the admission or confession. In *Jackson* the accused's counsel did not specifically object at the trial to the admission of the confession. But the Supreme Court noted that the trial court indicated its awareness that Jackson's counsel was questioning the circumstances under which Jackson was interrogated. 378 U.S. at 374, 84 S.Ct. 1774.

In the case before us the trial court did not indicate such awareness, and for good reason—Delaney's counsel did not, expressly or by implication, question the circumstances under which Delaney made the incriminating statements, or so much as hint that the statements may have been involuntary or inadmissible on any

---

3. We will assume for present purposes that Delaney exhausted his state remedies as to this point, although we find nothing in the record before us to substantiate this assumption.

4. In his opening brief, Delaney asserts that Oregon State Police Officer Lyle Edward Mitchael also gave testimony of this character. However, the state record reveals that Mitchael was not asked

about, nor did he testify to, any incriminating statements made by Delaney.

5. As stated above, the only ground on which Delaney asserts, on this appeal, that the statements were involuntary, is that he was not given the warnings and advice required under *Escobedo* and *Miranda*, which decisions are not to be retroactively applied.

other ground.[6] We conclude that Delaney has not made a state trial record which enables him to present a Jackson v. Denno argument in this federal habeas proceeding.

■ Delaney was convicted by a jury vote of ten to two. Under Oregon law a less-than-unanimous jury verdict is sufficient to support a conviction in the circuit courts for all offenses except first-degree murder. Or.Const. art. I, § 11. Delaney argues that his conviction and sentence to fifteen years imprisonment by a less-than-unanimous jury violated his right to a jury trial under the Sixth and Fourteenth Amendments to the Federal Constitution.

In Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, decided on May 20, 1968, the Supreme Court held that the Fourteenth Amendment guarantees a right to a jury trial in state courts which is co-extensive with the Sixth Amendment guarantee in federal courts. In DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308, decided on June 17, 1968, that Court held that the rule in *Duncan* is not to be retroactively applied to state trials which began before May 20, 1968.

Delaney's trial commenced on June 13, 1958. We therefore conclude that Delaney was not deprived of his Fourteenth or Sixth Amendment rights as they existed at the time of his state court trial.

We have examined Delaney's numerous other contentions made on this appeal, and conclude that none of them call for reversal. The principal additional contentions are listed in the margin to record the fact that they have been litigated in this court adversely to Delaney.[7]

Affirmed.

---

6. The probable explanation for this failure to object at the trial was that, as a matter of trial strategy, since Delaney's defense was that the prosecuting witness consented, it was deemed to be beneficial to Delaney to have Officer Kaczenski testify that this was Delaney's consistent version from the time of his first interrogation.

7. The principal additional contentions are: Delaney was denied his right to a preliminary hearing; the indictment fails to set forth facts with sufficient particularity; the indictment charges three different offenses; the indictment is vague and did not adequately apprise Delaney of the charge against him; the prosecutor was allowed to introduce evidence of other crimes; no instruction was given as to the lesser included offenses; illegally seized evidence was used to obtain an indictment and to obtain a conviction; the state suppressed evidence favorable to the defense; the state failed to secure and preserve evidence favorable to the defense; Delaney was deprived of his right to replace his court-appointed attorney during the trial; Delaney did not receive the assistance of counsel during post-trial proceedings; on direct appeal, the Oregon Supreme Court denied Delaney's request to amend the brief prepared by his counsel; ORS 163.270 is unconstitutionally vague; and Delaney is innocent of the crime.