459 P.2d 445 (1969)
STATE of Oregon, Respondent,
v.
James Howard OLSON, Appellant.
Court of Appeals of Oregon.
Argued and Submitted July 8, 1969.
Decided October 3, 1969.
*446 Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.
Jacob B. Tanzer, Solicitor Gen., Salem, argued the cause for respondent. With him on the brief was George Van Hoomissen, Dist. Atty., Portland.
Before SCHWAB, C.J., and LANGTRY, FOLEY, FORT and BRANCHFIELD, JJ.
FORT, Judge.
Defendant was charged in a single indictment with two counts of assault with intent to kill and a third count of assault with a dangerous weapon. He was found guilty by a jury on each of the three counts. Concurrent sentences of twenty-five years, life imprisonment and ten years, respectively, were imposed on each count. Defendant appeals, assigning as error the failure of the trial court, with respect only to the two counts of assault with intent to kill, to instruct on the lesser included crime
"* * * of assault with intent to kill without malice which would have constituted, in effect, crimes for assault with intent to commit voluntary manslaughter * * *."
Defendant concedes and the record shows that he neither requested the giving of any instructions concerning any included offenses under Counts I or II, nor did he except to the failure of the court to give them.
It is to be noted that in both Counts I and II the indictment charged that the defendant,
"* * * being armed with a dangerous weapon, to-wit, a knife, did, with deliberate *447 and premeditated malice and intent to kill, unlawfully and feloniously assault * * *."
Clearly, therefore, under the rule of State v. Collis, 243 Or. 222, 413 P.2d 53 (1966), this indictment charged an attempted intentional unlawful homicide of first degree murder.
Here, there was substantial evidence in the record from which the jury could have found, as it did, that "deliberate and premeditated malice" existed in defendant's mind at the time of each of the attempted intentional unlawful homicides charged. It is equally clear here, however, that the evidence could well have supported a conviction either for attempted second degree murder or attempted voluntary manslaughter.
Defendant now claims that the court should on its own motion have instructed on the lesser included offense of attempted voluntary manslaughter. He concedes that since no requested instruction was submitted or requested concerning either attempted second degree murder or voluntary manslaughter, this court is not required to take note of the alleged error. He urges, however, that we do so under the rule laid down in State v. Braley, 224 Or. 1, 355 P.2d 467 (1960), rev'd on other grounds sub nom. Braley v. Gladden, 9 Cir., 403 F.2d 858 (1968); State of Oregon v. Nodine, 198 Or. 679, 259 P.2d 1056 (1953); State v. Wilson, 182 Or. 681, 189 P.2d 403 (1948), and State v. Collis, supra.
It is important to note in this connection that there was here no express waiver by defendant or the state of the right to have the included offenses submitted to the jury. Thus, we are not faced with the question of an intelligent waiver of a known right.
The general rule is stated in 5 Anderson, Wharton's Criminal Law and Procedure 268, § 2099:
"When on the evidence the accused might be convicted in a lesser degree of the offense charged or of an included offense it is the duty of the court in its instructions to embrace all the degrees of the particular offense and all included offenses to which the evidence is applicable * * *."
Its rationale is well stated by the Supreme Court of Ohio in the recent case of State v. Butler, 11 Ohio St.2d 23, 227 N.E.2d 627, 21 A.L.R.3d 102 (1967):
"`This salutary rule requires the jury neither to speculate nor to mete out punishment. On the contrary, if evidence tending to prove a lesser included offense is present and a jury is inhibited by the charge from finding defendant guilty thereof, the collective conscience of that body may too easily be disposed to fabricate the elements of the crime charged in the indictment and to find defendant guilty as charged rather than risk, by a verdict of acquittal, turning the malefactor loose upon a society grievously harmed by his act. This is speculation at its worst and a natural and probable consequence of a failure to charge on a lesser included offense when evidence of its commission is present. Particularly is this true in cases of murder which require the additional element of "purpose."'" 11 Ohio St.2d at 28, 227 N.E.2d at 632.
In State of Oregon v. Nodine, supra, the court stated:
"It is the rule in this jurisdiction, as elsewhere, that the court, when requested by defendant, must in its instructions cover every degree of homicide included in the indictment where the evidence and circumstances are such that different inferences or conclusions may properly be drawn therefrom as to the degree of the crime. And where the evidence is sufficient to raise a doubt, however slight, as to whether the homicide is one of two or more degrees the court must charge on all such degrees. State v. Wilson, supra, 182 Or. 684, 189 P.2d 405, and cases *448 there cited. See, also, 2 Michie, Homicide, 1708, § 308; Wharton on Homicide 3d Ed. 263, § 165. If, therefore, in the instant case the state of the evidence was such as to warrant a verdict of involuntary manslaughter an instruction upon that subject should have been given. * * *" 198 Or. at 688, 259 P.2d at 1060.
In that case, as in this one, no request was made by the defendant to instruct on involuntary manslaughter. The court held, however, that it was reversible error for the court not to have done so.
In State v. Collis, supra, the court stated:
"Under the `assault with intent to kill' statute, ORS 163.280, a person may be charged with an attempt to commit first degree murder, second degree murder, or voluntary manslaughter. * * *" 243 Or. at 232, 413 P.2d at 57.
The charge in both Nodine and Collis was first degree murder. In the case at bar the indictment charges an attempt to commit first degree murder.
Does the fact that here each person assaulted survived alone constitute a valid reason to apply a different rule? Since the violation charged permits the imposition of a maximum sentence identical with that which could be imposed had the person assaulted died therefrom, we hold that it does not.
Since the evidence was sufficient to support a conviction under either count of an attempt to commit first degree murder, second degree murder or voluntary manslaughter, and the jury was not instructed concerning the elements of second degree murder or voluntary manslaughter, nor verdict forms therefor submitted, the judgment as to Counts I and II only must be reversed and the case remanded for a new trial thereon. The judgment which resulted in a ten year sentence on Count III is affirmed.
Reversed and remanded in part; affirmed in part.