Paul R. BAILLEAUX, Appellant,

v.

Hoyt C. CUPP, Superintendent, Oregon State Penitentiary, et al., Appellees.

No. 75–1074.

United States Court of Appeals, Ninth Circuit.

May 19, 1976.

Charles N. Hilke (argued), Salem, Or., for appellant.

W. Michael Gillette (argued), Salem, Or., for appellees.

## OPINION

Before CHAMBERS and KILKENNY, Circuit Judges, and JAMESON, District Judge.[*]

KILKENNY, Circuit Judge:

Appellant appeals from an order of the district court denying, without a hearing, his petition for a writ of habeas corpus.

## BACKGROUND

Appellant while serving a life sentence in the Oregon State Penitentiary pursuant to a judgment imposed in 1970, instituted in the state court a habeas corpus proceeding contending that he was unlawfully deprived of the status of a parolee by the Oregon State Board of Parole and Probation.

Following a full-fledged hearing at which appellant, all members of the Board of Parole and Probation, and other witnesses testified, the state trial court entered its detailed findings of fact, which we quote in full in the footnote.[1] Upon entry of judgment by the state trial court on these findings, appeal was taken to the Court of Appeals of the State of Oregon, *Bailleaux v. Cupp*, 16 Or.App. 573, 520 P.2d 483 (1974), where he contended that the order of the Board of Parole of November 22, 1972, cancelling a previous order of October 25, 1972, constituted a revocation of parole and thus, under the rule of *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), he was entitled to the hearing procedures mandated by that opinion in connection with revocation of parole. The Oregon Court of Appeals, in an exhaustive opinion, affirmed the judgment of the state trial court.

Subsequently, appellant filed in the United States District Court for the District of

---

[*] The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

[1] "1. Petitioner was committed to the Oregon State Penitentiary, but was in the Federal Prison in Marion, Illinois.

"2. Petitioner was interviewed at the Federal Penitentiary in Marion, Illinois on October 19, 1972, by Terry L. Johnson, a member of the Oregon Board of Parole and Probation, as a pre-parole hearing.

"3. Mr. Johnson then relayed the information to the other members of the Oregon Board of Parole and Probation and on October 25, 1972, the Oregon Board entered an Order of Parole directing that petitioner be paroled to the physical custody of the State of Hawaii with alternative provisions in the event that the State of Hawaii did not accept petitioner.

"4. Notice of this action was submitted to the petitioner along with a form which he was requested to sign . . . waiving extradition to Hawaii and consenting to return there voluntarily.

"5. Petitioner refused to sign this waiver and upon notification thereof, the Oregon Board of Parole and Probation entered an order cancel'ing the parole and resetting a hearing date for November, 1973.

"6. Petitioner had discussed the return to Hawaii with Mr. Johnson at the time of the conference/hearing on October 19, 1972, and was aware of the fact that the State of Hawaii had a detainer placed against him. He knew of the intention of the Oregon Board of Parole and Probation to parole him to Hawaii, if his parole was approved at all, and testified that he refused to sign the waiver form because he hoped that Hawaii would not extradite him and that he wishes, by so doing, to gain time to continue pending negotiations to get the Hawaii authorities to drop the claim against him."

Oregon, a petition for a writ of habeas corpus in which he again raised the principal issue disposed of by the Oregon Court of Appeals and additional issues which we shall presently mention.

## I.

█ The district court had before it the elaborate opinion of the Oregon Court of Appeals reciting in detail the facts upon which appellant bases his claim. This opinion includes the undisputed findings of the state trial court. Under the provisions of 28 U.S.C. § 2254(d), the district court was required to presume that the written opinion of the Oregon Court of Appeals was correct unless appellant established that the merits of the factual dispute were not resolved in the state court hearing. There is absolutely nothing in appellant's contentions that points to error in the state court's findings. At best, he is arguing questions of law, rather than those of fact. The state trial court's findings, which we hold are fully supported by the record of the state proceedings now before us, were binding upon the Oregon Court of Appeals. *Smallman v. Gladden*, 206 Or. 262, 269, 291 P.2d 749 (1955), overruled on other grounds, *State v. Collis*, 243 Or. 222, 227–228, 413 P.2d 53 (1966).

█ Our scrutiny of the state trial court's findings, coupled with the review thereof by the Oregon Court of Appeals and the analysis by the district court, convinces us that appellant's claim that he was, in fact, a parolee and entitled to *Morrissey* protection is groundless. At best, the record indicates that he had received a conditional offer of parole which was later withdrawn when he refused to waive extradition proceedings. Moreover, the record fully supports the state court finding that appellant was fully aware that parole would be to the authorities of the state of Hawaii or not at all. As shown by the record, Hawaii had placed a detainer against him.

2. The full-time United States Magistrate shall perform the following additional duties:

\* \* \* \* \* \*

Because appellant was not in any sense a parolee, *Morrissey v. Brewer, supra*, upon which he so strongly relies does not support his contention. Other cases cited by appellant, such as *Sexton v. Wise*, 494 F.2d 1176 (C.A.5 1974); *Clifford v. Beto*, 464 F.2d 1191, 1195 (C.A.5 1972); and *In re Prewitt*, 8 Cal.3d 470, 503 P.2d 1326, 1330, 105 Cal. Rptr. 318 (1972) dealt with recisions of existing paroles. Clearly, these cases are not in point.

## II.

█ Appellant argues that the district court's approval of the recommendation of the magistrate, after the court's review of the file and the record in the case, constituted error. This issue was decided adversely to appellant's contentions in *Keiper v. Cupp*, 509 F.2d 238, 242 (C.A.9 1975). Here, as in *Keiper*, there was no live testimony.

Moreover, *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976), although on different facts, fully supports our views in *Keiper*. In *Mathews*, the district court had adopted a general order requiring reference to magistrates of actions to review administrative determination regarding the entitlement to social security benefits. Under this general order, the case was assigned to a magistrate for preparation of a proposed written decision, together with proposed findings of fact and conclusions of law. The Supreme Court held that such a review was one of the functions assignable to magistrates as "*additional duties*" under the Magistrate's Act, 28 U.S.C. § 636(b).

Here, the District Court for the District of Oregon as of January 5, 1971, had entered an order outlining the additional duties of the magistrate, which included, among other things, the duties mentioned in the footnote.[2]

(d) In post-trial proceedings involving persons convicted of state or federal crimes, he may:

\* \* \* \* \* \*

By analogy the review of an agency decision by a district court is comparable to review of the state court opinion and records by the district court under the provisions of 28 U.S.C. § 2254(d). We find no logical reason to permit the magistrate to make recommendations in one and not in the other. Appellant's claim that the magistrate and district judge incorrectly interpreted the state court's findings has received our consideration. Our analysis of the findings agrees with that of the magistrate and the district judge.

## III.

 Finally, we see nothing illegal in the action of the state board in imposing upon appellant a condition that he sign a waiver of extradition before being granted parole. ORS [3] 144.270 permits, and for that matter even requires, the imposition of special conditions as part of the parole-granting process. ORS 135.775 (former § 134.605) specifically mentions ". . . a waiver of extradition." Appellant cites no authority which would remotely suggest that this type of legislation is unconstitutional. See *Bailleaux v. Cupp, supra,* at 579–580.

Finding no error, we affirm the judgment of the lower court.

(7) *Submit reports and recommendations to facilitate the decision of the District Judge on* *whether there should be a hearing.* [Emphasis supplied.]

3. Oregon Revised Statutes.