21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric J. HOLDEN, Petitioner-Appellant,
v.
STATE OF ALASKA, Respondent-Appellee.
 No. 93-35790.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 13, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eric J. Holden, an Alaska state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Holden was convicted of assault with intent to commit rape. We have jurisdiction pursuant to 28 U.S.C. Sec. 2254, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Holden contends that his due process and equal protection rights were violated by his conviction, because the elements of assault with intent to commit rape, which carries a maximum punishment of 15 years imprisonment, are identical to the elements of attempted rape, which carries a maximum punishment of ten years imprisonment. Thus, Holden argues, the prosecutor had improper discretion to charge him with the offense that carries a more severe penalty. However, this argument is specifically foreclosed by our decision in Delaney v. Gladden, 397 F.2d 17, 19-20 (9th Cir.1968) (sentencing scheme which provides higher penalty for assault with intent to commit rape than for attempted rape does not violate defendant's equal protection rights).
 
 
 4
 Holden also contends that his due process rights were violated because the victim's out-of-court identification was tainted by an impermissibly suggestive procedure. This contention has no merit.
 
 
 5
 Convictions based on eyewitness identification testimony following a pretrial identification by photograph must be set aside if the photographic identification procedure was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968); United States v. Barrett, 703 F.2d 1076, 1084 (9th Cir.1983). This is a two-part inquiry. First, the trial court must determine whether the identification procedures used were impermissibly suggestive. See United States v. Love, 746 F.2d 477, 478 (9th Cir.1984). If the photographic procedure is impermissibly suggestive, the evidence may nonetheless be admitted unless the corrupting effect of the identification procedure outweighs the reliability of the testimony. Manson v. Brathwaite, 432 U.S. 98, 114 (1977); United States v. Gregory, 891 F.2d 732, 734 (9th Cir.1989).
 
 
 6
 The factors that must be considered in determining the reliability of identification testimony are: (1) the witness' opportunity to view the suspect at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the suspect, (4) the level of certainty shown by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 199-200 (1972); Barrett, 703 F.2d at 1085. Each of these factors requires a finding of historical fact by the trial court, to which a statutory presumption of correctness applies. 28 U.S.C. Sec. 2254(d); Sumner v. Mata, 455 U.S. 591, 597 n. 10 (1982). However, the ultimate determination of whether the facts as found constitute a due process violation is a mixed question of law and fact which is reviewed de novo. Sumner, 455 U.S. at 597 n. 10; United States v. Spokane, 918 F.2d 84, 86 (9th Cir.1990), cert. denied, 111 S.Ct. 2888 (1991).
 
 
 7
 Here, the victim was shown a man at the police station, and was asked if he was her assailant. She stated that he was not, but that he was with her assailant before the attack. The victim then was shown a board of photographs of fifty suspected burglars. Although she recognized some acquaintances, she did not see her assailant. Finally, the victim was shown two mug shots of Holden. The officer who showed her the photographs said that he had a "wild hunch," and that he was taking a "wild chance." The victim identified Holden as her assailant.
 
 
 8
 A lineup consisting of a single photograph or photographs of only one suspect may be impermissibly suggestive. See Manson, 432 U.S. at 116. Moreover, the officer's comments here added to the corrupting effect of the procedure used. See id. at 114; Gregory, 891 F.2d at 734. However, we find sufficient indicia of reliability in the victim's testimony to uphold the admission of the identification. The Alaska Supreme Court found that the victim had an adequate opportunity to view the suspect, that she was very attentive, that her description of Holden was accurate, although general, that her identification was certain, and that only two hours elapsed between the crime and the identification. Holden v. State, 602 P.2d 452, 456-57 (Alaska 1979); see Biggers, 409 U.S. at 199-200; Barrett, 703 F.2d at 1085. We defer to these factual findings. See 28 U.S.C. Sec. 2254(d); Sumner, 455 U.S. at 597 n. 10.
 
 
 9
 We find additional indicia of reliability in the fact that the man identified by the victim as her assailant's companion was with Holden earlier that evening. Furthermore, the victim did not identify any of the fifty photographs as her assailant. Considering the totality of the circumstances, we hold that the victim's testimony was properly admitted. See Manson, 432 U.S. at 114; Gregory, 891 F.2d at 734.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Holden's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3