Argued January 19, affirmed February 11, 1971

STATE OF OREGON, *Respondent, v.* DAVE
GORDON MOORE, *Appellant.*

480 P2d 458

*David R. Dierdorff,* Bend, argued the cause and
filed the brief for appellant.

*James L. Carney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

The defendant upon trial before the court, sitting without a jury, was found guilty of assault with intent to commit murder in the second degree and sentenced to imprisonment for a term not to exceed 15 years. On appeal he contends (1) the evidence was insufficient to support a finding of guilt of any crime greater than assault with intent to commit manslaughter, and (2) the 15-year sentence exceeds the sentence permitted by law.

The defendant, who was attempting a reconciliation with the victim, his former wife, came to her home when another man was there. The defendant, after threatening this man with a knife, pocketed his knife while the three entered into a discussion. The victim suddenly ran out of the house pursued by the defendant. The defendant caught his former wife outside and he and the other man succeeded in getting her to voluntarily return to the house to talk matters over.

Again the victim ran out and the defendant ran after her. The defendant contends that when he caught her she stated, "I'll have your kids in a foster home." She denied this and testified that she uttered no provocative statements. She testified that when she ran from the house the second time she saw the defendant pursuing her with drawn knife in hand. In any event, when he caught her he stabbed her numerous times, stopping when she exclaimed, "Oh, my God! You are killing me!"

The defendant argues that "malice" is an essential

element of second degree murder. With this we agree. ORS 163.020(1).[1]

■ He then argues that the evidence precludes a finding of malice. With this we disagree.

In *State v. Jones*, 241 Or 142, 405 P2d 514 (1965), on facts substantially similar, the Supreme Court held that the existence of malice was an issue of fact to be resolved by the trier of fact. In *Jones*, the facts were as follows:

"* * * The victim, Robert Bowman, and defendant were sitting at the counter in Ethel's Cafe on Burnside street in Portland, where they were eating. They engaged in an argument over a minor matter. Aroused, Bowman laid down his knife and fork, removed his glasses, walked over to defendant, struck him and backed him against a cigarette machine, striking him several more times with his fist. While backed against the cigarette machine defendant struck Bowman with a knife. Defendant stabbed Bowman three times, once in the back. One of the thrusts was so hard that it caused the knife to enter Bowman's body deeper than the length of the blade. Bowman did not employ a weapon of any kind. It is not clear whether defendant stabbed Bowman after defendant had worked himself away from the cigarette machine * * *." 241 Or at 143-44.

Defendant contends that since the statute under which the defendant was convicted (ORS 163.280)[2]

---

[1] ORS 163.020:

"(1) Any person who kills another purposely and maliciously but without deliberation and premeditation, or in the commission or attempt to commit any felony other than rape, arson, robbery or burglary, is guilty of murder in the second degree.

"* * * * *."

[2] ORS 163.280:

"Any person who assaults another with intent to kill the

does not prescribe a sentence for assault with intent to commit second degree murder, the punishment is covered by ORS 161.090, which provides:

"Any person who attempts to commit a crime, and in the attempt does any act towards the commission of the crime but fails or is prevented or intercepted in the perpetration thereof, shall be punished upon conviction, when no other provision is made by law for the punishment of such attempt, as follows:

"(1) If the crime so attempted is punishable by imprisonment in the penitentiary or county jail, the punishment for the attempt shall be by like imprisonment for a term not more than half the longest period prescribed as a punishment for the crime but in no event more than 10 years. If the crime so attempted is punishable by imprisonment for life, the punishment for the attempt shall be by imprisonment in the penitentiary for not more than 10 years.

"* * * * *."

■ *State v. Collis*, 243 Or 222, 413 P2d 53 (1966), tells us that ORS 163.280 must be read in conjunction with ORS 163.010, 163.020, and 163.080, and that the maximum sentence which can be imposed for assault with intent to commit second-degree murder is the maximum that might have been imposed if the victim had died. The maximum penalty for second-degree murder is 25 years. ORS 163.020(4).

Affirmed.

---

person assaulted, or any person, being armed with a dangerous weapon, who assaults another and who robs, steals or takes from the person assaulted any money or other property which may be the subject of larceny, shall be punished upon conviction by imprisonment in the penitentiary for life or for any lesser term. The lesser punishment provided by this section shall be exercised only in those cases in which, in the judgment of the court, leniency should be shown."