Argued January 21, affirmed February 11, petition for rehearing
denied March 3, petition for review denied April 13, 1971

RAYMOND ALVAREZ SANCHEZ, *Appellant, v.*
CUPP, *Respondent.*

480 P2d 714

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*James L. Carney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

## SCHWAB, C. J.

This is an appeal from an order of the trial court denying the petitioner's petition for post-conviction relief. Sanchez, having been charged with assault with intent to commit first-degree murder under ORS 163.280, was found guilty upon trial by jury of "attempted second degree murder." The trial court entered judgment of guilty of "assault with intent to commit second degree murder," and sentenced petitioner to 25 years' imprisonment.

In his petition for post-conviction relief, petitioner alleged in substance that his conviction of assault with intent to commit second-degree murder was improper, because the trial judge, in submitting a verdict form that stated "attempted murder in the second degree," rather than "assault with intent to commit second degree murder," was commenting on the evidence and invading the province of the jury.

The petitioner also contended that a verdict of guilty of attempted second-degree murder carries a maximum sentence of 10 years, ORS 161.090,[1] and

---

[1] ORS 161.090 provides:

"Any person who attempts to commit a crime, and in the attempt does any act towards the commission of the crime but fails or is prevented or intercepted in the perpetration thereof, shall be punished upon conviction, when no other provision is made by law for the punishment of such attempt, as follows:

"(1) If the crime so attempted is punishable by imprison-

that, therefore, the 25-year sentence is excessive. The transcript of the original trial was made a part of the post-conviction proceedings and is before us. It shows that the petitioner, Sanchez, was charged with and tried for assault with intent to kill, and that he committed this crime by shooting one Alvin McInnis. It also reveals that the trial judge defined "assault" to the jury and instructed the jury that it could not find the defendant guilty of attempted murder in any degree unless it found that the petitioner here had assaulted the victim. The petitioner's contention that by giving the jury a verdict form using the word "attempted," and omitting the words "assault with intent," the court suggested to the jury that there need be no finding of assault is without merit.

■ We agree with the petitioner in so far as he argues that under Oregon law an attempt is not necessarily an assault. *State v. Wilson*, 218 Or 575, 346 P2d 115 (1959). An assault, however, is always an attempt. *State v. Collis*, 243 Or 222, 413 P2d 53 (1966). While the verdict form in question at best was not artfully drawn, the jury was thoroughly and correctly instructed on the crime charged and returned a verdict supported by the law and the evidence.

"* * * [A] court presumes that the jury applies only that law of which it is informed by the

---

ment in the penitentiary or county jail, the punishment for the attempt shall be by like imprisonment for a term not more than half the longest period prescribed as a punishment for the crime but in no event more than 10 years. If the crime so attempted is punishable by imprisonment for life, the punishment for the attempt shall be by imprisonment in the penitentiary for not more than 10 years.

"(2) If the crime so attempted is punishable by fine, the punishment for the attempt shall be by a fine not exceeding half the amount of the largest fine prescribed as a punishment for the crime."

judge * * *." *Braley v. Gladden,* 403 F2d 858, 860 (9th Cir 1968).

Accord, *State v. Oland,* 1 Or App 272, 461 P2d 277 (1969), Sup Ct *review denied* (1970).

■ The 25-year sentence was statutorily authorized. *State v. Collis,* supra. See also *State v. Moore,* 4 Or App 548, 480 P2d 458 (1971), decided this date.

Affirmed.