Argued February 19, affirmed March 25, petition for rehearing
denied April 27, petition for review denied June 9, 1971

STATE OF OREGON, *Respondent, v.*
WARREN CALVIN EDDINS, *Appellant.*

482 P2d 757

*Hollis C. Ransom, Jr.*, Portland, argued the cause and filed the briefs for appellant.

*James L. Carney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

## SCHWAB, C. J.

Defendant was convicted of assault with intent to commit voluntary manslaughter in violation of ORS 163.280. He was sentenced to 15 years in prison. On appeal he contends that the court erred in imposing a sentence of more than seven and one-half years. He contends that assault with intent to commit voluntary manslaughter amounts to attempted manslaughter and that the attempt statute (ORS 161.090) must prevail. The maximum penalty which can be imposed for attempted manslaughter under ORS 161.090 is seven and one-half years, i.e., one half the maximum penalty for voluntary manslaughter, ORS 163.080.

ORS 163.280 provides:

"Any person who assaults another with intent to kill the person assaulted, or any person, being armed with a dangerous weapon, who assaults another and who robs, steals or takes from the person assaulted any money or other property which may be the subject of larceny, shall be punished upon conviction by imprisonment in the penitentiary for life or for any lesser term. The lesser punishment provided by this section shall be exercised only in those cases in which, in the judgment of the court, leniency should be shown."

The applicable portions of ORS 161.090 provide:

"Any person who attempts to commit a crime, and in the attempt does any act towards the commission of the crime but fails or is prevented or intercepted in the perpetration thereof, shall be punished upon conviction, when no other provision is made by law for the punishment of such attempt, as follows:

"(1) If the crime so attempted is punishable by imprisonment in the penitentiary or county jail, the punishment for the attempt shall be by like imprisonment for a term not more than half the longest period prescribed as a punishment for the crime but in no event more than 10 years. If the crime so attempted is punishable by imprisonment for life, the punishment for the attempt shall be by imprisonment in the penitentiary for not more than 10 years."

■ ■ Defendant argues that assault with intent to commit voluntary manslaughter is an attempted voluntary manslaughter and therefore the attempt statute should apply. He relies on *State v. Collis*, 243 Or 222, 413 P2d 53 (1966), which says, at 230, "[w]e hold that the crime of 'assault with intent to kill' is in fact the crime of 'attempted unlawful homicide.'" From this statement defendant incorrectly deduces that these crimes are synonymous. Defendant is correct in relying upon *Collis* to support the proposition that an assault is an attempt. However, an attempt is not necessarily an assault. *Sanchez v. Cupp,* 4 Or App 606, 480 P2d 714, Sup Ct *review denied* (1971).

*State v. Wilson*, 218 Or 575, 346 P2d 115, 79 ALR2d 587 (1959), recognizes this differentiation:

"* * * [I]t seems evident that a definition which describes conduct in terms of 'present ability' to consummate a further act adds something to the idea of attempt as it is used to describe the steps

leading up to a final substantive crime. One may be guilty of an attempt to commit a crime under circumstances where there is no *present* ability to consummate the crime attempted * * *." 218 Or at 585.

"* * * [For assault] the conduct of the actor has advanced to such a stage that his propinquity to the victim's person is in itself a harm either because it generates fear in the victim * * * or exposes him to imminent danger of physical injury * * *. That distinct harm can be differentiated from the harm which the law sees at the point where the actor has not yet come upon the scene but has gone far enough to move past the mere preparation phase and into the stage of attempt * * *." 218 Or at 586.

*Collis* says that "assault with intent to kill" is in fact the crime of "attempted unlawful homicide." It does not say the converse. Attempted unlawful homicide is therefore defined in both ORS 161.090 and ORS 163.280. However, in view of the additional factor of assault required by ORS 163.280, that statute defines a graver and different offense than the offense described in ORS 161.090.

Defendant contends that since the statute under which he was convicted (ORS 163.280) does not prescribe a sentence for assault with intent to commit voluntary manslaughter, the punishment is covered by ORS 161.090 which requires that its provisions be used for sentencing "when no other provision is made by law for the punishment of such attempt."

*Delaney v. Gladden*, 397 F2d 17 (9th Cir 1968), cited by defendant, does not support defendant's position. In *Delaney,* defendant was convicted of assault with intent to commit rape (ORS 163.270). He attempted to raise the same issue as is raised here, that

the attempt statute (ORS 161.090) should apply. That argument was rejected by the court on the basis that another statute (ORS 163.270) provided a provision made by law for the punishment of such attempt.

Similarly, *Collis* tells us that ORS 163.280 must be read in conjunction with ORS 163.010, 163.020 and 163.080, and that the maximum sentence which can be imposed for assault with intent to commit voluntary manslaughter is the maximum that might have been imposed if the victim had died. See also *State v. Moore*, 4 Or App 548, 480 P2d 458, Sup Ct *review denied* (1971). The maximum penalty for voluntary manslaughter is 15 years. ORS 163.080.

In *State v. Andrews*, 90 Adv Sh 1371, 1374, 2 Or App 595, 469 P2d 802, Sup Ct *review denied* (1970), we said, "* * * the use of ORS 161.090 is limited by its terms to attempts at crimes not covered by any other statute * * *." *Andrews* held that assault with intent to commit unlawful homicide is covered by ORS 163.280.

■ Defendant argues that *Collis* and *Andrews* are in error inasmuch as they treat assault with intent to kill another as seriously as though the attempt had been successful. Within constitutional limits (Oregon Constitution, Art I, § 16②) the fixing of maximum punishments for particular crimes is a legislative and not a judicial prerogative. Legislation providing the

---

② Oregon Constitution, Art I, § 16, provides:

"Excessive bail shall not be required, nor excessive fines imposed. Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense. —In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the Court as to the law, and the right of new trial, as in civil cases."

same maximums for both successful and unsuccessful assaults with intent to commit unlawful homicide is within those limits. *State v. Collis*, supra.

Affirmed.