Argued October 28, 1971, reversed and remanded January 6, 1972

STATE OF OREGON, *Respondent, v.* ALBERT
WAYNE WILLIAMS, No. C-58299, *Appellant.*

492 P2d 482

*Nick Chaivoe,* Portland, argued the cause and filed
the brief for appellant.

*John W. Osburn,* Solicitor General, Salem, argued
the cause for respondent. With him on the brief was
Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

Defendant pleaded not guilty to a Multnomah County indictment charging him with assault with intent to kill. ORS 163.280. A jury found him guilty of assault with intent to commit manslaughter and he appeals alleging seven assignments of error, only one of which we find it necessary to discuss.

The charge arose when Officer Harmon of the Portland Police Department attempted to arrest the defendant at Black Panther headquarters on Union Avenue, Portland, in the course of which there was gunplay involving the defendant and the officer.

At the conclusion of the trial, the court instructed the jury on the crime of assault with intent to kill, and the lesser included offense of assault with intent to commit voluntary manslaughter. The court then also instructed on what it called the lesser included offense of assault with intent to commit involuntary manslaughter. Defendant's fifth assignment of error challenges the latter instruction. The court said in part:

> "Now, there is also the lesser included form of assault with intent to commit involuntary manslaughter. * * *
>
> "* * * * *
>
> "I instruct you that one who draws a firearm upon another unnecessarily may be found guilty of assault with intent to commit involuntary manslaughter, where it goes off *accidentally* and seriously injures the other, though he had no intention of discharging it."

The instruction is obviously erroneous with its contradiction in terms. The jury should not have been instructed on assault with intent to commit involuntary manslaughter. There is no such crime. In *State v. Collis,* 243 Or 222, 413 P2d 53 (1966), it was stated at 232:

"Under the 'assault with intent to kill' statute, ORS 163.280, a person may be charged with an attempt to commit first degree murder, second degree murder, or voluntary manslaughter."

*See also State v. Eddins,* 5 Or App 277, 482 P2d 757, Sup Ct *review denied* (1971).

The jury returned a general verdict which found the defendant guilty of assault with intent to commit manslaughter.[1] It is not possible to tell from the verdict whether the jury intended to find defendant guilty of assault with intent to commit voluntary manslaughter or assault with intent to commit involuntary manslaughter. That being so, the verdict cannot stand, as it may have been based upon the latter. Although it would be desirable to here terminate this litigation, we find this not to be a proper case for application of Oregon Constitution, Art VII, § 3, providing for modification of judgments in some cases, for example, where the verdict is sufficient to warrant a finding of guilty of a lesser included offense. Applied here, we would be required to find that the jury found the defendant guilty at least of an assault. Since we must resolve the uncertainty in defendant's favor, we must assume that the jury by its verdict was attempting to find him guilty of assault with intent to

---

[1] Only one verdict form covering manslaughter was submitted to the jury. It did not differentiate between voluntary and involuntary manslaughter.

commit involuntary manslaughter. We are precluded from invoking Art VII, § 3, supra, because the involuntary manslaughter instruction does not include the intent element required for an assault.

Reversed and remanded for a new trial.